THE SIMPSON CONSTRUCTION COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 7, 1916.*

1. WORKMEN'S COMPENSATION—*injured employee has right to apply to Industrial Board after expiration of voluntary payments by employer.* Where the injured employee accepts voluntary payments by his employer for a period of ten weeks according to the Workmen's Compensation act, he has a right, at the expiration of that period, to make application to the Industrial Board for an adjustment of his claim for compensation, and if he is able to show that the disability has continued he will be entitled to have compensation awarded him.

2. SAME—*when decision of the Industrial Board is conclusive.* Where an injured employee who accepts voluntary payments for his injury applies to the Industrial Board for an adjustment of his claim after the payments cease, which claim is fully presented to a committee of arbitration and later to the Industrial Board, the decision of the board that at that time he was not suffering any disability that would entitle him to compensation is conclusive upon him, where he seeks no review of the decision by a writ of *certiorari,* as provided by law.

3. SAME—*voluntary payments by employer, when accepted by injured employee, constitute an agreement for compensation.* The voluntary payment by the employer of compensation, as provided by the Workmen's Compensation act, for a period of ten weeks following the injury, and the acceptance of the same by the injured employee, constitute such an agreement for compensation as is referred to in paragraph (*h*) of section 19 of the Workmen's Compensation act.

4. SAME—*injured employee is entitled to ask for compensation because of recurrence of disability.* An injured employee, in case his disability increases or recurs after the hearing by the Industrial Board which resulted in a conclusive decision against him, has the right to invoke the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act and ask to have further compensation awarded, and the Industrial Board may properly reserve a motion to dismiss his petition for compensation until the testimony has been heard.

5. SAME—*what is not a recurrence of disability.* In order to entitle an injured employee to further compensation on the ground

of a recurrence of the disability he must show that his disability has recurred since the hearing which resulted in a final decision against him, and the fact that at that hearing the physicians had not discovered that the fifth lumbar vertebra was fractured, which proved to be the case at the next hearing, will not constitute a recurrence of the disability such as authorizes the Industrial Board to award further compensation, where the testimony at the last hearing shows that the result of the injury was the same as it was at the former hearing of his case by the Industrial Board.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

MILLER, GORHAM & WALES, for plaintiff in error.

CAIROLI GIGLIOTTI, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This writ of error was sued out to review the judgment of the circuit court of Cook county affirming the decision of the Industrial Board of Illinois awarding to Dominick Mustaccio the sum of $4.75 per week for a period of 406 weeks, to be paid by the Simpson Construction Company, plaintiff in error.

On October 16, 1913, Dominick Mustaccio was in the employ of plaintiff in error as a hod-carrier on a building which it was constructing in the city of Chicago. While Mustaccio was at work, a board about fourteen feet long, one foot wide and seven-eighths of an inch thick fell from the fourth story of the building and struck him on the left hip, resulting in an injury. Mustaccio at that time was earning $17.60 per week. Plaintiff in error after the injury paid him compensation at the rate of $8.80 per week for ten weeks, according to the provisions of the Workmen's Compensation act. At the end of that time, on December 23, 1913, the plaintiff in error ceased making these payments. On March 14, 1914, Mustaccio filed his application with the Industrial Board for an adjustment of his

claim for compensation, alleging that the nature of his injury was a broken thigh-bone and that temporary total disability had not yet passed away. The matter was submitted to a committee of arbitration, and on June 3, 1914, the committee of arbitration found that Mustaccio was not entitled to receive or recover any amount from plaintiff in error. On June 15, 1914, Mustaccio filed a petition with the Industrial Board for a review of the decision of the committee of arbitration. Thereafter he filed a statement of facts shown by the evidence heard before the arbitration committee. From this it appeared that the evidence produced by Mustaccio before the committee of arbitration was to the effect that he had sustained an injury to the cartilage involving the hip. A hearing was had by the Industrial Board, at which additional testimony was produced by both Mustaccio and plaintiff in error. On August 6, 1914, the Industrial Board confirmed and approved the finding of the committee of arbitration. On September 8, 1914, Mustaccio filed a petition with the Industrial Board praying that the decision of August 6, 1914, be vacated and set aside. On December 31, 1914, that petition was dismissed. On April 30, 1915, Mustaccio filed another petition with the Industrial Board seeking a review of the decision of August 6, 1914, under the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act, in which it was alleged that the disability of Mustaccio had increased or recurred. Plaintiff in error moved to dismiss this petition on the ground that the board had no jurisdiction to hear the matter, and decision on that motion was reserved until the testimony should have been heard. Evidence was then heard on behalf of both parties, and on August 9, 1915, the Industrial Board denied the motion to dismiss the petition and found that the injury to Mustaccio on October 16, 1913, was caused by a fracture of the fifth lumbar vertebra; that he had been unable to follow his usual occupation since the time of the injury; that the disability had re-

curred and that the same is partial and permanent, and that he should have $4.75 per week for a period of 406 weeks. These proceedings were reviewed in the circuit court of Cook county by *certiorari*, where the decision of the Industrial Board was affirmed.

Plaintiff in error contends that the Industrial Board was without jurisdiction to make the award of August 9, 1915, and that the motion of plaintiff in error to dismiss the petition should have been allowed, and that in making such award the Industrial Board acted in excess of its jurisdiction and without legal evidence to support it.

Paragraph (*h*) of section 19 provides that an agreement or award under the act providing for compensation in installments may, at any time within eighteen months after such agreement or award, be reviewed by the Industrial Board at the request of either the employer or employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended, and on such review compensation payments may be re-established, increased, diminished or ended. After the injury to Mustaccio plaintiff in error voluntarily made payments, under the provisions of the act, for a period of ten weeks. After plaintiff in error ceased making these payments Mustaccio had the right to make application to the Industrial Board for an adjustment of his claim for compensation, and if he had been able to show that the disability continued he would have been entitled to have compensation awarded him. He pursued this course and the case was fully presented to the committee of arbitration and later to the Industrial Board, resulting in a finding on August 6, 1914, that he was not entitled to receive or recover any amount from plaintiff in error. Mustaccio abided this decision of the Industrial Board and sought no review by *certiorari* under the provisions of the act. Paragraph (*f*) of section 19 of the Workmen's Compensation act provides as follows: "The decision of the Industrial Board, acting within its

275 — 24

powers, according to the provisions of paragraph (*e*) of this section, and of the arbitrator or committee of arbitration, where no review is had and his or their decision becomes the decision of the Industrial Board in accordance with the provisions of this section, shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." · By virtue of this paragraph the decision of August 6, 1914, that at that time he was not suffering any disability that would entitle him to compensation, became conclusive upon Mustaccio. The voluntary payment by plaintiff in error of compensation, as provided by the act, for a period of ten weeks following the injury, and the acceptance of the same by Mustaccio, constituted such an agreement as is referred to in said paragraph (*h*) of section 19 of the act. Mustaccio had the right, in case his disability recurred after the hearing which resulted in the decision of August 6, 1914, to invoke the provisions of said paragraph (*h*) of section 19 of the act and ask to have compensation awarded because of such recurrence of his disability. The Industrial Board therefore properly reserved the motion to dismiss the petition of April 30, 1915, until the testimony was heard. While the petition of April 30, 1915, was based upon the fact that Mustaccio's disability had recurred, there was no proof offered of any recurrence of his disability. All the proof was to the effect that Mustaccio had always been in the same condition since the time of the injury. The only difference in the evidence or in the position of Mustaccio was, that instead of claiming that the injury was to the thigh-bone or the ilium or the sacrum, or the juncture of the ilium and sacrum, as in former hearings, on this hearing it was contended that there had been a fracture of the fifth lumbar vertebra, which was the cause of the disability. It was contended that this injury was received on October 16, 1913, as the result of the falling board striking Mustaccio, but that the exact nature

and extent of the injury had not been discovered until after the hearing which resulted in the decision of August 6, 1914. In order to entitle Mustaccio to compensation it was incumbent to show that his disability had recurred since the hearing which resulted in the decision of August 6, 1914, and that his condition had changed since that time. Under the statute that decision was conclusive upon Mustaccio that at that time he was not suffering from any disability as the result of the injury. Evidence on behalf of both parties was heard on the hearing which resulted in that decision. Physicians who examined Mustaccio testified on both sides, and the committee of arbitration and the Industrial Board were of the opinion, as a result of all the facts presented, that Mustaccio at that time was not suffering from any disability. Whether the fifth lumbar vertebra had been fractured as the result of the injury and had not at that time been discovered by any of the physicians who examined Mustaccio cannot influence the effect of the finding of the decision of August 6, 1914. Mustaccio was in the same condition then that he was at the time of the last hearing, and he was contending at that time that the result of his injury, whatever its exact nature may have been, was the same as it was at the time of the last hearing before the Industrial Board. As there was no proof whatever that his disability had recurred, but, on the other hand, all the proof was to the effect that his condition had remained the same, the decision of August 6, 1914, was conclusive, and the Industrial Board, after hearing all the testimony, should have dismissed the petition upon the motion of the plaintiff in error.

For the reasons given, the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*