(No. 10906.)

THE BLOOMINGTON, DECATUR AND CHAMPAIGN RAILROAD COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 21, 1916.*

1. WORKMEN'S COMPENSATION—*filing a stenographic report of evidence is not necessary to give the Industrial Board jurisdiction to review award on ground that injury has recurred.* Under paragraph (*h*) of section 19 of the Workmen's Compensation act it is not necessary that the agreed statement of facts or authenticated stenographic report of the evidence be filed in order to give the Industrial Board jurisdiction to review the award of the committee of arbitration on the ground that the disability has recurred or increased, and where the petition is filed in apt time the board is sufficiently vested with jurisdiction.

2. SAME—*a review of award on ground that disability has recurred or increased requires consideration of the facts shown on original hearing.* A review of the award of the committee of arbitration, based on the ground that the disability has recurred or increased, cannot properly be had unless the Industrial Board has before it an agreed statement of the facts proved on the original hearing or an authenticated report of the evidence, and it devolves on the petitioner to introduce such statement or report in evidence.

3. SAME—*what additional evidence may be introduced on review of award on ground that disability has recurred or increased.* Where no petition for review is filed within the fifteen-day period provided by law the award of the committee of arbitration is a final adjudication upon all matters in dispute up to the time of the hearing at which that award is made, and upon petition to review the award, based on the ground that the disability has recurred or increased, the additional evidence offered must be limited to the question whether the disability has recurred or increased.

4. SAME—*when petition to review award on ground that disability has recurred or increased should be dismissed.* A petition

to review an award on the ground that the disability has recurred or increased should be dismissed by the Industrial Board, on motion of the employer, where it appears from the testimony of the injured party himself that he is in the same condition at the time of the hearing on review as he was at the time of the hearing before the committee of arbitration and has grown no worse since.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOS. W. SAMUELS, for plaintiff in error.

SMITH & HUTCHIN, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Lawrence E. Parks made claim for compensation under the Workmen's Compensation act for an injury received August 17, 1914, while in the employ of the Bloomington, Decatur and Champaign Railroad Company. A committee of arbitration was appointed and a hearing was had July 3, 1915. The committee of arbitration, after hearing the evidence, rendered its decision on that date awarding Parks compensation at the rate of $5.08 per week for a period of eight weeks from August 25, 1914, or a total of $40.64. The decision and award of the committee of arbitration were, in part, as follows: The committee "doth find, determine and adjudge that the said applicant, L. E. Parks, is entitled to receive and recover from said respondent, Bloomington, Decatur and Champaign Railroad Company, the sum of five and eight one hundred ($5.08) dollars per week for a period of eight (8) weeks from the 25th day of August, 1914, and that said applicant is entitled to receive and recover from said respondent on this date $40.64, being the amount of such compensation that has already become due under the provision of law, the remainder of said award to be paid to said L. E. Parks, applicant, by said respondent, in weekly payments, commencing one week from the

date of the award." The award was clearly one finding that Parks was entitled to eight weeks' compensation, only. The conclusion of the decision that the remainder of the award should be paid in weekly payments commencing one week from the date of the award is meaningless when taken in connection with the whole of the decision, and its inclusion in the record no doubt arose from the fact that the committee used the regular printed form provided by the Industrial Board for the making of decisions and omitted striking out the latter part of the printed form. No petition for a review of the decision was filed with the Industrial Board within the fifteen-day statutory period or at any time, and the decision of the committee thereby became the final decision of the Industrial Board. Parks was paid the amount of the award.

On October 19, 1915, Parks filed a petition seeking a review of the decision of July 3, 1915, under the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act, in which it was alleged that his disability had increased or recurred. Said paragraph (*h*) provides that an agreement or award under the act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended, and on such review compensation payments may be re-established, increased, diminished or ended. The railroad company filed a written answer to the petition and also filed a motion to dismiss the petition upon various grounds, among others that no agreed statement of facts or authenticated report of the evidence heard before the committee of arbitration had been filed with the Industrial Board. A hearing was had, and on January 13, 1916, the Industrial Board rendered its decision awarding Parks compensation for 408 weeks from the 21st day of October, 1914, at the rate of

$3.81 per week. Plaintiff in error sued out of the circuit court of Macon county a writ of *certiorari* to review the award of the Industrial Board. The circuit court quashed the writ and certified that this cause is one proper to be heard by this court, and this writ of error was thereupon sued out.

Plaintiff in error contends that the circuit court erred in quashing the writ of *certiorari* and in not setting aside the award of the board for the reason (1) that the Industrial Board was without jurisdiction; and (2) that there is no evidence to support the decision and award of the Industrial Board.

It is contended that the board is without jurisdiction for the reason that no agreed statement of facts or authenticated report of the evidence heard before the committee of arbitration at the hearing of July 3, 1915, was filed with the Industrial Board. Whether or not it was necessary to have it before the board upon the review provided for by said paragraph (*h*) of section 19 of the act, it was not necessary that such agreed statement of facts or authenticated report be filed in order to give the board jurisdiction. Under the provisions of this paragraph the filing of the petition by Parks vested the board with jurisdiction to review the award previously made. The petition was in apt time, and stated that it was based upon the ground that the disability of Parks had recurred and increased.

We are of the opinion, however, that it was necessary to a review of the previous award for the Industrial Board to have before it an agreed statement of the facts proven or an authenticated report of the testimony taken at the hearing before the committee of arbitration. Said paragraph (*h*) of section 19 provides that this award may be reviewed by the Industrial Board under the circumstances therein specified. Upon such review the only additional evidence which may be offered is upon the question whether the disability has recurred, increased, diminished or ended

since the time of the making of the award. The award constitutes a final adjudication upon all matters in dispute up to the time of the hearing at which the award is made. Upon a review under said paragraph (*h*) the parties are bound by the proof made as to the injuries received and the disability which ensued on the hearing which resulted in making the award. It would not be proper upon such review to again go into the facts as to the injury and the disability which ensued, as those matters have been finally adjudicated. The board must consider the proof made on review as to whether the disability resulting from the injury has recurred, increased, diminished or ended, in connection with the proof made at the time the award was made. Section 16 of the act requires the board, at its own expense, to provide a stenographer to take the testimony and record all proceedings at the hearing before an arbitrator or committee of arbitration, and requires such stenographer to furnish a transcript of such testimony or proceedings to any person requesting it, upon payment to the stenographer of five cents per one hundred words for the original and three cents per one hundred words for each copy. A review of the award of the committee of arbitration could not properly be had without the board having before it an agreed statement of the facts proven on the original hearing or an authenticated report of the evidence, and it devolved upon Parks to introduce such statement or report in evidence on this hearing before the Industrial Board. The circuit court erred in refusing to set aside the award of the Industrial Board for lack of necessary proof.

On the hearing before the board Parks was permitted to prove his condition from the time of the injury until the hearing. From his testimony it appears that he was in the same condition at the time of this hearing as he was at the time of the hearing before the committee of arbitration and that he had grown no worse since that time. In that state of the record, even had the transcript of the proceedings

before the committee of arbitration been introduced in evidence, the Industrial Board should have dismissed the petition upon the motion of plaintiff in error, for the reason that Parks did not show that his disability had recurred since the hearing which resulted in the decision of July 3, 1915. *Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366.

For the errors indicated the judgment of the circuit court is reversed and the cause is remanded, with directions to set aside the award of the Industrial Board.

*Reversed and remanded, with directions.*