(No. 11277.—Reversed and remanded.)

THE CASPARIS STONE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed April 19, 1917.*

1. CONSTITUTIONAL LAW—*what is a legitimate classification for the purposes of legislation.* In the exercise of its power to make classifications for the purpose of enacting laws over matters within its jurisdiction the legislature is permitted a wide range of discretion, and if the classification is not wholly unreasonable and arbitrary and the statute is uniform in its operation on all the members of the class to which it is made applicable there is no violation of the constitutional guaranty of equal protection of law.

2. WORKMEN'S COMPENSATION—*Workmen's Compensation act is not based on an unreasonable classification.* The classification provided for in the Workmen's Compensation act bears a reasonable relation to the objects sought to be accomplished and is uniform as to all members of the class to which it is made applicable, and the law is not unconstitutional because of such classification.

3. SAME—*what is not proof that written claim for compensation was made within six months after payments have ceased.* A date written on the blank statement of claim supplied by the Industrial Board, in answer to the question when notice of the accident was served on the employer, is no proof that a written claim for compensation was made within six months after payments ceased, as required by section 24 of the Workmen's Compensation act.

4. SAME—*when provision for a written claim for compensation does not apply.* The provision of section 24 of the Workmen's Compensation act requiring a written claim for compensation to be made within six months after payments have ceased, applies only where there is a continuance of the disability beyond the time for which compensation was awarded, and does not apply to paragraph (*h*) of section 19, concerning the recurrence, increase or decrease of the disability.

5. SAME—*fact as to recurrence of disability is only additional testimony admissible on review under paragraph (h) of section 19 of Workmen's Compensation act.* On the hearing on the petition for review under paragraph (*h*) of section 19 of the Workmen's Compensation act an agreed statement of facts or authenticated report of the evidence on the original hearing must be introduced, and the only additional evidence which may be offered is upon the question whether the disability has recurred, increased, diminished or ended since the time of the making of the award.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

H. M. STEELY, H. M. STEELY, JR., and R. J. LAVERY, for plaintiff in error.

A. B. DENNIS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Casparis Stone Company owns and operates a limestone quarry about two miles south of Fairmount, in Vermilion county. In June, 1914, Ira Goodwin was employed in said quarry, and it is alleged that on June 30 he was injured in the course of such employment. After the injury he was taken to his home and placed in the care of his family physician, Dr. W. H. Goodwin, not a relative. The Casparis Stone Company paid Goodwin $5.45, or one-half his usual weekly wages, from June 30, 1914, to March 8, 1915, when it refused to make any more payments. On October 13, 1915, Goodwin filed with the State Industrial Board an application for adjustment of his claim. A hearing was had on this application November 4, 1915, both parties being represented, before J. E. Tanner, as arbitrator, and his award was filed with the Industrial Board on November 9 and notice thereof mailed on November 10, 1915, awarding said Goodwin two dollars per week for thirty-two weeks from March 5, 1915. Goodwin thereafter, on November 27, 1915, filed with the Industrial Board a petition for review, but, apparently because this petition was filed more than fifteen days after the decision of the arbitrator, it was considered too late and nothing further was ever done under said petition. On January 19, 1916, Goodwin, through his attorney, filed with the Industrial Board a petition for review on the ground that his injuries had increased, and asked that a hearing be had and his payments increased. Under this petition the Industrial Board set the petition for hearing on July 7, 1916, and on August 31 fol-

lowing, the board found that there was a recurrence of
the injury and increase of disability, and entered a decision
ordering that the Casparis Stone Company pay to Good-
win $5.45 per week for thirty-five weeks from October 15,
1915, and thereafter a pension during life, in installments
of $15.11 per month.   Thereafter a certified copy of the
proceedings of the Industrial Board was filed in the circuit
court of Vermilion county and a writ of error sued out to
review the proceedings of said board.   On October 27 judg-
ment was entered in the circuit court affirming the award
of the Industrial Board.   Thereafter the circuit court duly
certified, under the statute, that this was a case proper to
be reviewed by the Supreme Court, and the case has been
brought here by writ of error.

The evidence shows that the Casparis Stone Company,
in operating said quarry, removed the earth covering the
stone by steam shovels.   A track was then laid on the ledge
of stone uncovered, and on this track small locomotives and
cars were run and gasoline-operated drilling machines on
trucks were hauled.   Holes were drilled into the stone and
filled with explosives.   The blasts loosened and broke up
the stone, which was afterward loaded and hauled out.   On
June 30, 1914, Ira Goodwin was operating one of these
drills.   When it became necessary to move it along to drill
other holes, boards were laid for the truck on which the drill
was mounted, to run upon.   The drill-truck was hitched to
one of the engines by a tow-line, and Goodwin, who was
in charge of the drill, got on one side of the tongue of the
truck and another employee on the other side, to guide it.
When the engine was started a wheel of the drill-truck
dropped off the end of the ties, the tongue of the truck
swung around and Goodwin was thrown backward, his back
striking the rail or tie and his head and neck going over it.
Dr. Goodwin, who was called to examine the injured man
after he was taken home, testified that he could not find any
abrasions, bruises, contusions or the slightest sign of an in-

jury anywhere; that he examined him afterward and never found any. The injured man claimed at that time that he had a tender place about the fourth or fifth lumbar vertebra. Some of the physicians, in making certain tests to discover such injury, could not find that he had been injured. He was in bed part of the time for three or four days, and thereafter was around on the streets of the town and visited the doctor's office. The doctor decided August 30 that he was able to take up some light work.

Counsel for plaintiff in error argue numerous points as to whether the judgment of the circuit court should be reversed. They insist that the law is unconstitutional. The act, generally, has been held constitutional by this court in several cases. (*Deibeikis* v. *Link-Belt Co.* 261 Ill. 454; *Crooks* v. *Tazewell Coal Co.* 263 id. 343; *Victor Chemical Works* v. *Industrial Board,* 274 id. 11; *Dietz* v. *Big Muddy Coal Co.* 263 id. 480; *Chicago Railways Co.* v. *Industrial Board,* 276 id. 112.) We see no reason to change the conclusion reached in those cases that the law is constitutional.

The right of the legislature, under this act, to require an employer guilty of no negligence to pay an injured employee compensation is insisted to be unconstitutional. That question was fully discussed in the decisions already cited, and we see no reason to re-state our views on this question as there decided.

Counsel further argue that the law is unconstitutional because it discriminates between persons conducting the same kind of business or doing the same kind of work in different places; that the basis of the classification under the law is unreasonable; that the employers and their employees are placed in a different classification from other classes of employees and workmen without any justification; that this is a denial of the equal protection of the law as required by the Federal and State constitutions. Under the doctrine of equal protection of the laws class legislation is prohibited by the Federal constitution, but there is

no prohibition against a reasonable classification ·of persons and things for the purpose of legislation. (*Gulf, Colorado and Santa Fe Railway Co.* v. *Ellis,* 165 U. S. 150.) Such classification, however, must not be capricious or arbitrary but must be reasonable and natural and based upon some principle of public policy; but if the classification is not wholly unreasonable and arbitrary and the statute is uniform in its operation on all the members of the class to which it is made applicable, no one is denied the equal protection of the laws guaranteed by the Federal constitution. (*American Sugar Refinery Co.* v. *Louisiana,* 179 U. S. 89; 6 R. C. L. 374, 378, 379.) In the exercise of its power to make classifications for the purpose of enacting laws over matters within its jurisdiction the State is permitted a wide range of discretion. The question of classification is primarily for the State legislature and only becomes a judicial question when the legislative action is clearly unreasonable. (*Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283.) The provisions of the constitution with reference to due process of law and equal protection of the law merely require that all persons subjected to such legislation shall be treated alike under like circumstances and conditions. (*Central Lumber Co.* v. *South Dakota,* 226 U. S. 157.) The reasoning of these decisions as to classifications under the various State laws has been repeatedly approved by this court. (*City of Chicago* v. *Schmidinger,* 243 Ill. 167; *City of Chicago* v. *Bowman Dairy Co.* 234 id. 294; *Ritchie & Co.* v. *Wayman,* 244 id. 509; *People* v. *Henning Co.* 260 id. 554.) We think the classification provided for in this law bears a reasonable relation to the objects sought to be accomplished and is uniform as to all members of the class to which it is made applicable, and that the law is not unconstitutional because of such classification.

Counsel for plaintiff in error further urgently insist that the Industrial Board was without jurisdiction to hear the petition for review as no written claim for compensation was

served upon said company within six months after March 8, 1915, when said company refused to make further weekly payments. Section 24 of the Workmen's Compensation act is the one dealing with notice, and the entire section must be read in connection with other provisions of the statute in order to reach a fair conclusion on the question here involved. That section reads: "No proceedings for compensation under this act shall be maintained unless notice of the accident has been given the employer as soon as practicable, but not later than thirty days after the accident. In cases of mental incapacity of the employee, notice must be given within six months after such accident. No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings by arbitration or otherwise by the employee, unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall in substance apprise the employer of the claim of compensation made and shall state the name and address of the employee injured, the approximate date and place of the accident, if known, and in simple language the cause thereof; which notice may be served personally or by registered mail, addressed to the employer at his last known residence or place of business: *Provided,* that the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise. No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made, within six months after such payments have ceased." (Hurd's Stat. 1916, p. 1286.)

Counsel for defendants in error insists that a written claim was made June 25, 1915, basing this upon the state-

ment of claim filed by Goodwin before the Industrial Board on October 13, 1915. This petition was on a blank form furnished by the board, giving certain printed questions to be answered by the applicant. Question 16 on said blank reads, "Date of service on the employer of notice of accident," and the answer was filled in by the applicant, "June 25, 1915." Printed question 17 reads, "If notice was not served within thirty days, reason for omission to serve same." The answer to this as filled in reads, "Because compensation was paid to March 8, 1915, and it was supposed no notice was needed." We do not think that this could be held to be proof that written claim, under the statute, was served on the employer within six months after the payments to said employee ceased. "It is important that there should be a reasonable enforcement of the provisions for notice, because laxity in this respect opens the door to fraudulent claims." (1 Bradbury's Workmen's Compensation, 766.) It is clear from reading the entire section 24 that the legislature was trying to provide such notice as to prevent employers being held liable for fraudulent claims without opportunity of investigating them before such a lapse of time that the fraud could not be discovered but that any inaccuracy or technical defect in the form of the notice would not be a bar; that the failure on the part of any person entitled to such compensation to give notice would not relieve the employer of his liability when the facts and circumstances of the accident are known to him or his vice-principal or any agent in charge of and acting for him in the enterprise. This proceeding plainly comes under paragraph (h) of section 19 instead of under said section 24. Of course, these sections must be construed together, but this court has already held that paragraph (h) of section 19 and section 24 apply to different classes of cases; that section 24 of the Workmen's Compensation act, requiring a written claim for compensation to be made within six months after payments have ceased, applies only where there

is a continuance of the disability beyond the time for which compensation has been agreed upon or awarded, and that paragraph (*h*) applies where the disability has recurred or increased within eighteen months from the time of the agreement or award or where the disability has ceased within such period. (*Arnold & Murdock Co.* v. *Industrial Board,* 277 Ill. 295.) Under the reasoning in that opinion the contention of plaintiff in error because of the failure to give the notice insisted upon is without merit.

Counsel for plaintiff in error further insist that on the application for a review a new cause of action was stated; that the ground of recovery was not the same as that upon which the original award was made by the Industrial Board; that the original award shows that recovery was had because of an injury to the spine by a strain or bruise caused by his falling upon the rail, and the only claim he made during that time for compensation was because of this disability, while the proof offered on review showed that on November 21, 1915, Goodwin had a stroke which partially paralyzed one side; that the weight of the testimony shows that this paralysis was not caused by the injury but by a chronic venereal trouble,—syphilis,—and up to the time of the petition for review there had never been the slightest intimation that there was any injury to the head caused by this accident; that of six doctors who testified on the hearing five testified positively that the cerebral hemorrhage and the partial paralysis were caused by the hardening of the arteries, which condition of the arteries was doubtless due to the chronic venereal disease. One doctor testified that the partial paralysis might have come from the injury. On the hearing on the petition for review counsel for plaintiff in error objected to taking testimony as if the matter were one of original hearing. This objection was overruled. This was error. This court held in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120, that a review of the award of the committee of ar-

bitration, based on the ground that disability has recurred or increased, cannot properly be had unless the Industrial Board has before it an agreed statement of the facts proved on the original hearing or an authenticated report of the evidence, and that it devolves upon the petitioner to introduce such statement or report in evidence, saying (p. 123) : "We are of the opinion, however, that it was necessary to a review of the previous award for the Industrial Board to have before it an agreed statement of the facts proven or an authenticated report of the testimony taken at the hearing before the committee of arbitration. Said paragraph (h) of section 19 provides that this award may be reviewed by the Industrial Board under the circumstances therein specified. Upon such review the only additional evidence which may be offered is upon the question whether the disability has recurred, increased, diminished or ended since the time of the making of the award. The award constitutes a final adjudication upon all matters in dispute up to the time of the hearing at which the award is made. Upon a review under said paragraph (h) the parties are bound by the proof made as to the injuries received and the disability which ensued on the hearing which resulted in making the award. It would not be proper upon such review to again go into the facts as to the injury and the disability which ensued, as those matters have been finally adjudicated." Under the reasoning of that opinion and the facts there before the court that decision is especially applicable to the facts on this hearing. There can be no question that the Industrial Board erred in permitting evidence to be introduced as if this were an original hearing, and not simply evidence to show whether or not the disability had recurred or increased, as was claimed by the petitioner. On the hearing in this case, as in the case just referred to, the employee was permitted to prove his condition from the time of the injury until the hearing. He should only have been permit-

ted to show the changes in his condition since the former hearing, on which was based the award of the arbitrators.

As the judgment of the circuit court must be reversed for the above error it is unnecessary to consider the other reasons urged by plaintiff in error for a reversal of the judgment, to the effect that the injury did not arise out of and in the course of the employment, or that the cause of the injury was the disease and not the accident, or that a valid release had been given by Goodwin.

The judgment of the circuit court will be reversed and the cause remanded, with directions to that court to set aside the award of the Industrial Board.

*Reversed and remanded, with directions.*