(No. 11262.—Judgment affirmed.)

THE CITY OF PANA, Defendant in Error, vs. THE IN-
DUSTRIAL BOARD OF ILLINOIS et al.—(OTTO M. GLICK,
Plaintiff in Error.)

*Opinion filed June 21, 1917.*

1. PRACTICE—*when bill of exceptions is not necessary to pre-
serve ruling.* In a proceeding by writ of *certiorari* to review the
record of the Industrial Board a bill of exceptions is not necessary
in order to preserve for review a ruling by the circuit court deny-
ing a motion to quash the writ.

2. WORKMEN'S COMPENSATION—*Industrial Board cannot review
award as original proceeding.* Where a review of the award of
the committee of arbitration is sought under paragraph (*h*) of sec-
tion 19 of the Workmen's Compensation act the Industrial Board
cannot hear the matter as if it were an original proceeding, and
the circuit court may properly quash the proceedings in such case
although the question as to there being no stenographic report or
an agreed statement of facts before the Industrial Board was not
raised before that board. (*Bloomington, Decatur and Champaign
Railroad Co.* v. *Industrial Board,* 276 Ill. 120, followed.)

WRIT OF ERROR to the Circuit Court of Christian
county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

ROBERT A. MEIER, JR., (HARRY A. GOLDSMITH, of
counsel,) for plaintiff in error.

E. E. DOWELL, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of
the court:

Otto M. Glick, plaintiff in error, while employed by the
defendant in error city, on January 21, 1914, received an
injury. He filed a claim for award before the Industrial
Board, and the committee of arbitration in due course found
in his favor on November 21, 1914. Apparently nothing
further was done in the matter until December 20, 1915,
when Glick filed a petition with the Industrial Board, under

paragraph (*h*) of section 19, to review said award.    On
May 13, 1916, the said board made a decision on review,
awarding compensation in the sum of $2999.36 for total
permanent disability, and for medical, etc., services not ex-
ceeding $200, and a pension of $20 per month during his
life, commencing after 416 weeks.    On June 3, 1916, a
writ of *certiorari* was sued out in the circuit court of
Christian county, on which, after a hearing, a judgment
was entered finding Glick not entitled to compensation and
quashing the record and proceedings of the Industrial
Board.    The trial court certifying that the cause was one
proper to be reviewed by this court, the case has been
brought here by writ of error for further consideration.

It is first insisted by defendant in error that as no bill
of exceptions was preserved and made a part of this rec-
ord plaintiff in error cannot urge as error the judgment of
the trial court in overruling his motion to quash the writ
in this cause as no exception was taken as to that motion.
There was no bill of exceptions, stenographic report or
agreed statement of facts in this case.    In *certiorari* pro-
ceedings the petition and return constitute the record.    The
order of the trial court quashing the writ is a part of the
common law record.    No bill of exceptions was necessary to
preserve the ruling of the court on the question here urged.

It is further insisted by counsel for defendant in error
that the trial court rightly quashed the proceedings of the
Industrial Board because that board in its hearing on re-
view under said paragraph (*h*) of said section 19 heard
the matter as if it were an original proceeding.    Para-
graph (*h*) provides that the award may be reviewed by the
Industrial Board under circumstances therein provided,—
that is, that the disability has recurred or increased, dimin-
ished or ended.    This court, in construing that section in
*Bloomington, Decatur and Champaign Railroad Co.* v. *In-
dustrial Board,* 276 Ill. 120, says (p. 124) : "The award
constitutes a final adjudication upon all matters in dispute

up to the time of the hearing at which the award is made. Upon a review under said paragraph (h) the parties are bound by the proof made as to the injuries received and the disability which ensued on the hearing which resulted in making the award. It would not be proper upon such review to again go into the facts as to the injury and the disability which ensued, as those matters have been finally adjudicated. * * * A review of the award of the committee of arbitration could not properly be had without the board having before it an agreed statement of the facts proven on the original hearing or an authenticated report of the evidence." There was no agreed statement of facts on this hearing for review nor any stenographic report. It is clear, also, that the Industrial Board heard the matter as if it were an original proceeding. This could not be done under said paragraph (h). Paragraph (b) of section 19 provides for the review by the Industrial Board of the finding of the committee of arbitration, but that paragraph provides for the method of having such review, and states that the petition therefor must be filed within twenty days after the receipt of the notice of the Industrial Board's decision, or within such further time, not exceeding thirty days, as the board may grant. (Hurd's Stat. 1916, p. 1282.) Under such a review the Industrial Board can hear any evidence it desires, but on the review provided for in paragraph (h) the proceedings must be conducted as provided by said paragraph, as construed by this court in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board, supra,* and *Casparis Stone Co.* v. *Industrial Board,* 278 id. 77.

It is insisted by counsel for plaintiff in error in their reply brief that the question as to there being no stenographic report or agreed statement of facts before the Industrial Board was not raised before that board and therefore can not be raised here; that this court held in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,*

*supra,* that the petition for review within the proper time gave the Industrial Board jurisdiction and that a statement of facts or stenographic report of the hearing before the arbitrators was not necessary to give jurisdiction, and that there is no clear proof in this record as to whether this question was raised before the Industrial Board. Even if it was not raised, in view of the holding in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board, supra,* where it is stated, on page 124, "a review of the award of the committee of arbitration could not properly be had without the board having before it an agreed statement of the facts proven on the original hearing or an authenticated report of the evidence, and it devolved upon Parks to introduce such statement or report in evidence on this hearing before the Industrial Board. The circuit court erred in refusing to set aside the award of the Industrial Board for lack of necessary proof," the circuit court rightly quashed the finding of the Industrial Board.

It is conceded by both parties that the petition for review by Glick was under said paragraph (*h*) of section 19, and it is clear from the finding of the Industrial Board that said board proceeded as if the matter were one of original hearing. The circuit court therefore rightly quashed the proceedings and held Glick not entitled to the award under said finding. This being so, it is unnecessary to consider or decide the other questions raised in the briefs as to casual employment, the weight of the testimony, the amount of the award, whether the award for medical, surgical and hospital expenses was made on a proper basis, or whether said board erred in computing the compensation in any other respect.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*