(No. 11609.—Judgment affirmed.)

THE SQUIRE-DINGEE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 19, 1917.*

1. WORKMEN'S COMPENSATION—*question whether disability has recurred or increased is one of fact.* On the hearing before the Industrial Board under clause (*h*) of section 19 of the Workmen's Compensation act of 1913, the question whether the disability has recurred or increased is one of fact for determination by the Industrial Board upon consideration of the stenographic report of the hearing when the original award was made and additional evidence with respect to the increase or recurrence of the disability. (*Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366, distinguished.)

2. SAME—*testimony of physicians that an employee's condition might have been caused by the injury is competent.* On the hearing before the Industrial Board to determine whether an employee's disability has recurred or increased, where an X-ray photograph of the employee's spine showing a diseased condition is introduced in evidence, testimony by physicians that such condition might have been caused by the original injury is competent.

3. SAME—*what subjective symptoms are properly part of hypothetical questions.* Subjective symptoms, consisting of statements of an injured person as to pain and suffering made to the physicians attending him at the time of the injury, are properly a part of hypothetical questions subsequently put to such physicians when testifying on a hearing before the Industrial Board to determine whether the disability of such person has recurred or increased since the making of the original award of compensation.

4. SAME—*when finding that disability has recurred or increased is conclusive.* If the finding by the Industrial Board that the disability of an injured employee has recurred or increased is not based upon conjecture or surmise but is a legitimate conclusion from the facts proved by competent evidence, such finding is conclusive upon the courts.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

FRANK M. COX, and R. J. FELLINGHAM, for plaintiff in error.

CARL STROVER, for defendant in error Joseph Dombkowski.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a proceeding under the Workmen's Compensation act of 1913, brought by Joseph Dombkowski to recover compensation for injuries sustained by him on October 31, 1913, through the falling of a platform at plaintiff in error's factory, over which he was wheeling a truck loaded with boxes filled with goods, in the course of his employment. The arbitrator found in favor of Dombkowski. On petition before the Industrial Board for review a finding more favorable to Dombkowski was made, granting him $5.25 per week for eight weeks and for the further period of eighteen weeks beginning March 14, 1914. In the original application Dombkowski described his injury as a double hernia, internal injuries, bruises on right leg and left hip. In the fall of 1914 an operation was performed on him for hernia, which apparently resulted in a partial if not a substantial cure. In August, 1914, plaintiff in error paid Dombkowski $147, and afterwards, on March 15, 1915, $57.75. About fifteen months after the award by the Industrial Board on review, Dombkowski filed his petition with said board under clause (*h*) of section 19 of the Workmen's Compensation act, in which he alleged that "the disability of petitioner has subsequently increased in this: that it has been discovered that petitioner is suffering from a chronic inflammatory condition of some of the lumbar vertebræ, said condition having been diagnosed as a case of spondylitis deformans; also it has been found that petitioner is suffering from a slight fracture of the pelvic bone, and that there are other internal complications rendering petitioner unable to work, notwithstanding that the double hernia, on account of which the original award was made, has been, at least to a large extent, cured." This is the peti-

tion out of which this proceeding grew. On March 6, 1917, the Industrial Board, having heard the evidence on the present petition, including a certified copy of the stenographic report of the evidence heard under the original petition, entered an award that petitioner recover from plaintiff in error the sum of $5.25 per week for a period of eight weeks from November 7, 1913, and for a further period from March 16, 1914, to the first day of February, 1916, and ordered that petitioner recover from respondent the sum of $1.50 per week for a period of 299½ weeks from February 1, 1916, and further ordered that plaintiff in error be given credit for the sums of money already paid to petitioner. The case was taken to the circuit court on a writ of *certiorari*, where the judgment of the Industrial Board was affirmed, and that court further certified that the cause was one proper to be reviewed by the Supreme Court. The plaintiff in error thereupon prosecuted this writ, asking that the judgment of the circuit court be reversed.

Counsel for plaintiff in error insist that the controlling question on this hearing is whether Dombkowski's disability has recurred or increased, as those terms are used in clause (*h*) of section 19 of the Workmen's Compensation act, since the award granted by the Industrial Board on the first petition. It is argued by counsel that the evidence taken on this hearing, considered in connection with the stenographic report of the evidence on the first hearing, shows clearly that this is simply a continuation of the original injury and not a recurrence. In the state of the record on this point we think this was a question of fact, and that the finding of the Industrial Board on such question is conclusive on this court. The case of *Simpson Construction Co. v. Industrial Board*, 275 Ill. 366, strongly relied on by counsel for plaintiff in error, we do not deem in point here. In that case it had been held by the Industrial Board, under the original petition, that the injured person could not recover, and in view of the state of the record in that case

it could well be argued that there could be no recurrence or increase of an injury for which no original recovery could be had. Furthermore, it is stated in that opinion that the proof showed that the injured person had always been in the same condition since the time of the injury, while there is much testimony in this case that Dombkowski's condition was not the same at all times since the injury. Neither do we think that anything that was said in *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120, or in *Casparis Stone Co.* v. *Industrial Board,* 278 id. 77, in any way conflicts with the holding in this case that there has been a recurrence of the injury. In this case the Industrial Board complied with the holding in those two cases that in order to pass on the question of recurrence of the injury that board should have before it a stenographic report of the original hearing to form a basis upon which to decide what the original injury was and then might take other evidence to show whether the injury had increased or recurred. The original stenographic report was introduced here, then additional evidence was taken as to whether the original injury, as shown by that stenographic report, had recurred or increased, and, as stated before, we think the evidence on that question is of such a nature that it is one of fact, and the finding of the Industrial Board on this point is binding on the courts.

As we understand from the evidence, spondylitis deformans is a disease of the spine, causing inflammation and consequent changes of the vertebræ. Such disease may result in an increase or in a decrease of the bony part of the vertebræ. An X-ray picture was taken in this case of Dombkowski's lumbar vertebræ, and the physicians testified that from such examination the disease partook of both natures,—that is, a bony increase on the edges of some of the vertebræ and a loss of bony substance or flattening of other vertebræ. It is most strenuously argued by counsel for plaintiff in error that there is no evidence showing that

this disease was caused by the injury; that the physicians who testified on this question simply stated "that it might have been caused by this injury," and that such testimony was not competent. The questions asked of the physicians on this point conform to the rules of practice as laid down by this court in *Kimbrough* v. *Chicago City Railway Co.* 272 Ill. 71, and cases there cited, and *Heineke* v. *Chicago Railways Co.* 279 id. 210. In the *Kimbrough case* it was said (p. 77): "A physician may be asked whether the facts stated in a hypothetical question are sufficient, from a medical or surgical point of view, to cause and bring about a certain condition or malady, or he may be asked whether or not a given condition or malady of a person may or could result from and be caused by the facts stated in the hypothetical question, but he should not be asked whether or not such facts did cause and bring about such condition or malady."

It is further objected in this connection that the hypothetical questions asked of the doctors included subjective symptoms, and therefore, under the reasoning of this court in *Greinke* v. *Chicago City Railway Co.* 234 Ill. 564, *Chicago Union Traction Co.* v. *Giese,* 229 id. 260, and that class of cases, the objections to such hypothetical questions should have been sustained. The doctors of whom these hypothetical questions were asked had treated Dombkowski when he was in the hospital immediately after the injury, when, so far as this record shows, there was no thought on his part or that of any of his friends of bringing an action to recover for the injuries. The subjective symptoms forming part of the hypothetical questions asked of these physicians were statements made by Dombkowski to them when they were treating him They were statements as to pain and suffering, and were properly a part of the hypothetical questions asked of such physicians under the rule of this court in *West Chicago Street Railroad Co.* v. *Carr,* 170 Ill. 478, and *Greinke* v. *Chicago City Railway Co. supra.* In *West*

*Chicago Street Railroad Co.* v. *Carr, supra,* this court said
(p. 483): "We think, however, the correct rule to be de-
duced from that laid down by Greenleaf, and most condu-
cive to justice is, that such declarations, being in favor of the
party making them, are only competent when made as part
of the *res gestæ,* or to a physician during treatment, or
upon an examination prior to and without reference to the
bringing of an action to recover damages for the injury
complained of." Under these authorities we think the sub-
jective symptoms in question might well be properly in-
cluded in said hypothetical questions asked of the physicians
who had attended deceased shortly after he was injured.

The further argument is made that there was no suffi-
cient evidence in the record as to this disease being caused
by the injury in question to justify the Industrial Board in
finding that it was so caused. The evidence shows clearly
that Dombkowski was a man in excellent health before this
injury and that the disease in question was very apt to be
caused by a weakened condition of certain portions of the
system attacked by it. The evidence also shows that from
the first Dombkowski complained of pain in his back and
hips; that originally he did not complain so much of this
pain because of the acute suffering caused by the double
hernia; that that trouble, in a measure, apparently over-
shadowed the pain from the injury to his back. This court
has repeatedly held that the burden of proof rests upon the
complainant before a recovery can be had. (*Armour &
Co.* v. *Industrial Board,* 273 Ill. 590; *Chicago and Alton
Railroad Co.* v. *Industrial Board,* 274 id. 336; *Savoy Hotel
Co.* v. *Industrial Board,* 279 id. 329.) We have also held
that the Industrial Board must not surmise, conjecture or
guess, but that it may draw an inference from the proved
facts so long as it is a legitimate inference; that if it is
guided by the facts then it is not guessing but inferring, and
if there is material for it to do that, the Industrial Board
is the judge as to the conclusion which should be reached,

and not the courts. (*Peoria Railway Terminal Co.* v. *Industrial Board,* 279 Ill. 352.) On the record before us we think the Industrial Board was justified in finding that the disease of the spine was the result of the accident; that such a conclusion is a legitimate inference from the facts proved by competent evidence in the record. That being so, that finding is conclusive on the courts. *Goelitz Co.* v. *Industrial Board,* 278 Ill. 164; *Big Muddy Coal Co.* v. *Industrial Board,* 279 id. 235.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*