(No. 12281.—Judgment affirmed.)

THE CARSON-PAYSON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(STEPHEN OLIVER, Defendant in Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*what is an "agreement" which may be reviewed under paragraph (h) of section 19 of Compensation act.* Voluntary payments by an employer of compensation as provided in the Compensation act and acceptance of the same by the employee constitute such an agreement for compensation as is referred to in paragraph (*h*) of section 19 of said act, providing for a review of an agreement or award for recurrence or increase of the disability.

2. SAME—*when additional evidence should be.limited to recurrence or increase of disability.* An injured employee may, within eighteen months after voluntary payments have ceased, file a petition for a review of the agreement on the ground that the disability has recurred or increased, notwithstanding the fact that in the meantime his petition for adjustment of his claim has been denied by the arbitrator; but the decision of the arbitrator, if unreviewed, is final as to all matters then in dispute, and the additional evidence should be limited to the question of a recurrence or increase of the disability.

3. SAME—*finding of the Industrial Commission that disability has recurred or increased is conclusive.* The question whether a disability has recurred or increased is one of fact for determination by the Industrial Commission upon consideration of the stenographic report of the original hearing and the additional evidence with respect to the increase or recurrence of the disability, and if the finding of the commission that the disability recurred is based upon competent evidence, such finding is conclusive on the courts.

4. SAME—*employer cannot complain of award for partial disability on the ground that the evidence shows total disability.* A plaintiff in error cannot take advantage of an error that is not prejudicial, and where the only additional evidence heard by the Industrial Commission on an employee's petition for review on the ground that his disability has recurred or increased is that of the employee which shows that the disability is total, the employer can not complain that the award, which was for partial disability only, is not supported by the evidence.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

COLFAX T. MARTIN, and CHARLES TROUP, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

While working for plaintiff in error on October 28, 1915, Stephen Oliver fell from a scaffold and broke his left ankle, both wrists, one or more ribs, and a nail was driven through the upper part of his right cheek. Both parties were operating under the Workmen's Compensation act and the accident arose out of and in the course of the employment. At the time of his injuries Oliver was earning and receiving for his wages the sum of $12 per week. Temporary total disability resulted from the accident, and on the eighth day after the injury plaintiff in error commenced to pay Oliver compensation at the rate of $6 per week. This amount was paid and received up to and including May 12, 1916, the date of the last payment. On June 14, 1916, Oliver filed with the Industrial Board his petition for adjustment of claim, and the case was heard by the arbitrator July 28, 1916. The arbitrator found that the temporary total disability payments had all been paid and that the petitioner was not entitled to compensation for the reason that "he is earning more than he received at the time of his injury." On August 15, 1916, a petition for review of the arbitrator's finding was filed with the Industrial Board but the proceeding was not followed. On September 27, 1917, within eighteen months from the date of the last payment of compensation, Oliver filed with the Industrial Board his petition for a review of an agreement,—the date of the last payment of compensation being given

therein as the date of said agreement,—under the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act. Evidence was heard on this petition on the question whether or not the disability of the petitioner had recurred or increased since the original hearing on application for adjustment of his claim for compensation, and on April 11, 1918, the Industrial Board found that his disability had recurred and increased on December 1, 1917, and that by reason thereof he sustained a partial permanent disability and loss of earning power. The board awarded him $4 a week for a period of 386 weeks, beginning December 1, 1917. The award was affirmed by the circuit court of Vermilion county, and this writ of error was sued out of this court.

The voluntary payments by plaintiff in error of compensation as provided by the act and the acceptance of the same by Oliver following the injury constituted such agreements as are referred to in paragraph (*h*) of section 19. Oliver had the right, in case his disability recurred after the hearing which resulted in the decision of July 28, 1916, to invoke the provisions of paragraph (*h*) of section 19 and to have compensation awarded him because of such recurrence of his disability, within eighteen months of the date of the payment of the last installment. (*Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366.) The question whether the disability had recurred or increased was one of fact for determination by the Industrial Board upon consideration of the stenographic report of the original hearing and the additional evidence with respect to the increase or recurrence of the disability. If the finding of the Industrial Board that the disability has recurred or increased is based upon a legitimate conclusion from the facts proved by competent evidence, such finding is conclusive upon the courts, but not so if it is based upon conjecture or surmise. (*Squire-Dingee Co.* v. *Industrial Board,* 281 Ill. 359.) The decision of the arbitrator on July 28, 1916, not

having been reviewed is a final adjudication upon all matters in dispute up to the time of that hearing, and upon the hearing to review the agreement on the ground that the disability had recurred the additional evidence should be limited to the question whether or not the disability had ,recurred. *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120; *Casparis Stone Co.* v. *Industrial Board,* 278 id. 77.

Plaintiff in error contends that the finding of the Industrial Board that the petitioner's disability had recurred and increased and that his disability is partial is not legitimately based upon any competent evidence in the record. The finding of the arbitrator at the original hearing is conclusive that at that time the petitioner had so far recovered from his injury as to be able to work and was earning more money than he did before he was injured. Upon the hearing for review the petitioner testified that from the time of the former hearing, July 28, 1916, and up until November, 1917, he had been able to work about a third of the time; that he had not been able to work any since November, 1917, because of a bad heart, his nervous condition and pains in his head; that he had sharp pains running through his heart, could not lie on his left side and could not sleep; that the injury to his jaw has increased since the original hearing, so that he had to have two teeth removed from his upper jaw where the nail penetrated it, on account of abscesses forming, and that two more teeth were affected; that he could not use that side of his face for chewing or biting; that a short time before the present hearing, while attempting to work, he had a severe pain in his head and had to go to bed and be attended by a physician; that he had trouble with his bowels swelling up and becoming sore, and had hemorrhages and soreness in his side from his broken rib; that his ankle was in a more stiffened condition than at the former hearing, so that in climbing over a roof in performing his work as a carpenter

his ankle became weak and if he stepped sideways made him lame for some time, but that it did not do this before the former hearing. The sum and substance of his testimony is that total disability had recurred to him in December, 1917, and up until the time of the hearing in April, 1918, because of the condition of his heart, the pains in his head and the impairment of his nervous system. His physician, Dr. Wilkinson, testified that he was called to attend petitioner a few weeks prior to the present hearing; that petitioner had severe pains in the abdomen and complained of severe headaches; that the bowel condition cleared up when he got the bowels regulated, and that he thought it just a case of intestinal fermentation, which occurs to anyone, and was a temporary, transient condition; that there could be a connection between the wound which petitioner had in his cheek and the pain in his head, and that the result of the nail wound might have some effect on his ability to work; that he found some indications of valvular trouble of the heart, but that there had never been indications that the heart had not been able to carry on its functions properly; that there has not been, apparently, any very great change in petitioner's general condition of health in the last two years. Three other physicians substantially corroborated Dr. Wilkinson. One of them, Dr. Scott, testified that the petitioner had lost a fair amount of flesh and that his general appearance has changed from the effect of something on his nervous system, and that he has irregular heart action, and that stomach trouble and other things may follow that condition.

None of the physicians testified as to the extent of petitioner's disability, if any, resulting from his injuries in addition to his condition at the original hearing. The only other testimony found in the record concerning the extent of his disability is that of Charles Dobbins, who only testified as to his condition up to November, 1917. He testified that petitioner worked for him at carpenter work almost

steadily from April to November, 1917, and quit working for him in November, 1917, because he did not have any work after that time. He was asked about petitioner's efficiency as a workman compared to what it was before the accident. He replied that his ability had been affected at least a third since the accident. He also testified that petitioner had worked for him from April to August, 1916, and at the time of the original hearing, and that he did not notice any particular difference; that he appeared to do about the same amount of work both years; that he could not see anything in his work that indicated a growing inefficiency and did not notice any decrease in his ability to do a day's work.

The testimony of defendant in error tends to show that since December 1, 1917, he had been totally unable to work, and his own testimony, as contended by plaintiff in error, tended to show that he was totally disabled and entitled to $6 a week and not partially disabled and only entitled to $4 a week. There is no other testimony in the record that covers his ability to work during and since December 1, 1917, the time fixed by the Industrial Board when the recurrence and increase of disability commenced and from which time the payments of the award were to begin. The substance of plaintiff in error's argument is, that as the board did not allow defendant in error the full amount of compensation his own testimony would entitle him to receive the board disregarded his testimony, and that as there is no other testimony in the record upon which the award could be legitimately based the award should be set aside. The finding and award are evidently based largely, if not entirely, upon the testimony of defendant in error, as there was no other evidence to support it. Just how the board arrived at the conclusion that his disability was partial does not appear from the record, but it must be admitted that if the board had found total disability and made the award accordingly such a finding and award would have been sus-

tained by the record, and plaintiff in error practically makes such an admission. It cannot be said, therefore, that the evidence in the record does not sustain the full award of the board. Whatever error the board made, if any, was against the defendant in error and in favor of the plaintiff in error. Under such a showing we would not be warranted in setting aside or reversing the judgment of the circuit court confirming the award, upon the familiar doctrine that plaintiff in error cannot take advantage of an error that is not prejudicial to it.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

---

(No. 12355.—Reversed and remanded.)
H. A. EBELING *et al.* Appellants, *vs.* THE TRUSTEES OF SCHOOLS *et al.* Appellees.

*Opinion filed December 18, 1918.*