INDIANAPOLIS BLEACHING COMPANY *v.* MORGAN.

[No. 10,936.    Filed February 3, 1921.    Rehearing Denied May 31, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Evidence at Original Hearing.—Conclusiveness.*—In a proceeding under §45 of the Workmen's Compensation Act (Acts of 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1919 p. 167, for a review of an award on account of change of condition, the evidence heard on the

original award is conclusive as to applicant's condition at that time, and where there was no specific finding by the board in that regard, what is shown by the evidence as to applicant's condition at the time of the first hearing must be accepted as true. p. 674.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Change of Condition.—Application for Increased Compensation.—Evidence.*—In an application under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1919 p. 167, for increased compensation, the applicant need not reintroduce the evidence offered at the first hearing to authorize the board to consider it in determining whether conditions had changed, such evidence being a part of the record of the proceedings. p. 675.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.— Award of Increased Compensation.—Absence of Evidence.— Conclusiveness.*—An appeal from an award of increased compensation on account of changed conditions cannot be considered in the absence of the evidence introduced on the first hearing, where there was no specific finding as to applicant's condition at the time of the original award, thereby rendering it necessary for the board to consider the evidence offered at the first hearing to determine the fact as to change of condition. p. 676.

From the Industrial Board of Indiana.

Proceeding for compensation under the Workmen's Compensation Act by Inez Morgan against the Indianapolis Bleaching Company. From an award increasing the compensation previously awarded on account of change in condition, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson* and *F. K. Warne,* for appellant.

*Turner, Merrell & Locke* and *Paul E. Beam,* for appellee.

BATMAN, J.—The record in this case discloses that appellee was an employe of appellant on October 20, 1919, and on said date received personal injuries by reason of an accident arising out of and in the course of her employment; that on November 20, 1919,

she filed with the Industrial Board an application for the adjustment of her claim against appellant for compensation; that a single member of said board heard the evidence thereon in due time, and made a finding and an award in her favor; that no application was made for a review of said award within seven days from the date thereof, and the same thereby became final and conclusive on the parties thereto; that on June 3, 1920, appellee filed her application for the review of such award, on account of a change in condition; that a single member of the board heard evidence on said application, and made a finding and an award in favor of appellee thereon; that appellant, within seven days from the date of said last award, filed an application for the review thereof by the full board, and after having heard the argument of counsel, and having reviewed the evidence, the board made a finding and an award in favor of appellee, from which this appeal is prosecuted.

Appellee contends that no question is presented by this appeal, as the only error assigned requires a consideration of the evidence, and appellant has

1.    failed to have the evidence, which formed the basis of the award in her favor, first above mentioned, incorporated in the record. It is obvious that the only way the Industrial Board could determine whether there had been such a change in appellee's condition, between the time of her first award and the hearing on her second application, as would entitle her to further compensation under §45 of the Workmen's Compensation Act (Acts 1919 p. 167), was to consider her condition at each of such times. It follows as a matter of course that on the hearing of her said second application, evidence of her condition at such time was proper and necessary. But on such hearing new evidence of appellee's condition when the first award in her favor was made, would not be proper as each party must ac-

cept as her true condition at such time what is shown by the evidence introduced on the hearing resulting in said first award, in the absence of a specific finding in that regard made at such time. *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; Harper, Workmen's Compensation (2d ed.) 424; *Bloomington, etc., Co.* v. *Industrial Board* (1916), 276 Ill. 120, 114 N. E. 511; *City of Pana* v. *Industrial Board* (1917), 279 Ill. 279, 116 N. E. 647; *Casparis Stone Co.* v. *Industrial Board* (1917), 278 Ill. 77, 115 N. E. 822; *Squire-Dingee Co.* v. *Industrial Board* (1917), 281 Ill. 359, 117 N. E. 1031; *Carson-Payson Co.* v. *Industrial Board* (1918), 285 Ill. 635, 121 N. E. 264.

Appellant, however, as a counter contention, asserts, that if it was necessary for the Industrial Board to consider the evidence introduced at the hearing on her original application for compensation, it devolved upon appellee to introduce the same in some proper manner, and since the record does not show that she did so, she failed to establish her right to further compensation, and cites the case of *Bloomington, etc., Co.* v. *Industrial Board, supra,* in support of its contention. We cannot adopt appellant's view, as to the required procedure. The statute of our state, unlike that of Illinois, contains no provision, requiring an applicant seeking the review of an award, to file with the board an agreed statement or stenographic report of the facts of the proceedings at such former hearing, and hence the case cited does not sustain appellant's contention. We observe that said §45 of the Workmen's Compensation Act, as amended in 1919, *supra,* provides, that: "The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, * * * make such modification or change in the award, * * * as it may deem just." It thus appears, that appellee, by filing her application

for a further award of compensation on account of a change of condition, did not thereby begin a new proceeding, but merely took another step in the proceeding before the Industrial Board, which was instituted when she filed her original application for the adjustment of her claim. Therefore all the evidence introduced before such board, or any member thereof at the first hearing in such proceeding, was before it on said last hearing without any further introduction by either party.

As the finding on which the first award in favor of appellee was based does not purport to state her condition at such time, we hold that it was the duty 3. of the board to take cognizance of all such evidence, and consider it in connection with all proper evidence introduced on appellee's last application, in determining whether there had been a change in her condition, which entitled her to further compensation as claimed. This being true, it will be presumed that the board discharged their duty in that regard. The board had authority to make ample provisions for preserving such evidence during the pendency of such proceeding, and to provide adequate means for reproducing the same, when necessary, in the discharge of its duties, and it will be presumed that it has not been remiss in this regard. We therefore hold, that the evidence, introduced on the hearing of appellee's original application, must appear in the record before us before we can determine the questions raised by the assignment of errors on this appeal.

An examination of the record fails to disclose, that the evidence introduced on the hearing of appellee's original application, is a part of the bill of exceptions containing the evidence. This is a fatal defect in the record, which prevents a consideration of the appeal on its merits. The award is therefore affirmed.