(No. 13893.—Judgment affirmed.)

THE WESTERN FOUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN OLSZEW-SKI, Defendant in Error.)

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*

1. WORKMEN'S COMPENSATION—*review as to the extent of disability is authorized though original award was not reviewed.* The fact that there has been no appeal or proceeding by *certiorari* to review the finding of the arbitrator or of the Industrial Commission does not preclude a review under paragraph (*h*) of section 19 of the Compensation act to determine whether the disability of the employee has recurred, increased, diminished or ended.

2. SAME—*what evidence may be considered on review under paragraph (h) of section 19.* In a proceeding for review under paragraph (*h*) of section 19 of the Compensation act, the Industrial Commission should first have, as a basis for review, a transcript of the original hearing, whether before the arbitrator or the commission, and may then receive any additional evidence offered by either party as to whether or not the disability has recurred, increased or diminished.

3. SAME—*a finding that disability has increased cannot be reviewed if based on competent evidence.* In a proceeding for review under paragraph (*h*) of section 19 of the Compensation act, a finding that the disability has recurred or increased, if based upon competent evidence, cannot be reviewed by the court, and whether a disease or condition is a continuation of the disability or a recurrence or an increase is a question of fact, which, when settled by the Industrial Commission upon proper evidence, is conclusive upon the courts.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

MALATO, WOLF & LOVE, (THADAUS LOVE, of counsel,) for defendant in error.

298-38

Mr. JUSTICE CARTER delivered the opinion of the court:

John Olszewski, the applicant, was injured on September 14, 1918, by a fall of about twenty feet through a skylight on the premises of plaintiff in error, striking on a cement floor, suffering, the evidence tends to show, a concussion of the brain. He remained in the hospital four weeks and applied to the Industrial Commission for compensation on November 18, 1918, and an award was made by the arbitrator in his favor for temporary disability for 28 weeks on March 27, 1919. There was no review of this finding of the arbitrator by the Industrial Commission. Subsequently, within eighteen months of the time of the original injury, the applicant filed a petition before the commission for review under the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act on the ground that his injury or disability had recurred or increased. On the hearing before the commission an award was entered in favor of the applicant for total permanent disability. This award of the commission was affirmed by the circuit court, and the cause is now here by writ of error for review.

The award of the Industrial Commission was for 296 weeks at $10.80 per week in addition to the award given originally by the arbitrator, and a pension of $23.33 per month during applicant's life.

Counsel for plaintiff in error argues that the filing of this petition for review under paragraph (*h*) of section 19 for recurring or increasing disability is, in effect, as shown by this record, nothing more than an attempt to review the arbitrator's original finding, and that there is no sufficient legal evidence to sustain any claim of recurrence or the finding of permanent total disability. Said paragraph, so far as it applies here, provides: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agree-

ment or award be reviewed by the Industrial Board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-established, increased, diminished or ended."

While the argument of counsel for plaintiff in error is not entirely clear, it seems to be intimated that there is no authority under the paragraph just quoted to review the award of the Industrial Commission unless on the original hearing the finding of the arbitrator has been reviewed by the Industrial Commission and further approved by the courts. A bare reading of said paragraph shows that this argument is without merit. Possibly the only purpose of the argument of counsel for plaintiff in error is to claim that if there is no appeal to review the original finding of the arbitrator or Industrial Commission, under section 19 the Industrial Commission cannot on that same evidence hold that the disability of the employee has subsequently recurred, increased, diminished or ended. Under paragraph (*h*) as construed by this court, if a petition for review is sought thereunder the Industrial Commission should first have a transcript of the original hearing, whether before the arbitrator or the commission, furnished it as a basis for review under said paragraph, and then receive any additional evidence offered by either party in order to find whether or not the injury has recurred, increased or diminished and make a finding in accordance with the additional facts thus adduced. (*Casparis Stone Co.* v. *Industrial Board,* 278 Ill. 77; *Carson-Payson Co.* v. *Industrial Com.* 285 id. 635.) The hearing under this petition before the Industrial Commission seems to have been conducted in accordance with the rules laid down in the decisions just cited. The transcript of the original hearing before the arbitrator was first introduced and then additional evidence was offered on behalf of the applicant. On the origi-

nal hearing before the arbitrator the applicant testified that he suffered pains in his head—a gouging sensation in his eyes; that he had hot flushes and when he bent his head his head swam, and that at the time of the hearing before the arbitrator his condition did not seem to be any better than it was immediately after the accident; that his memory had been impaired and that he could not work as a painter,—the work at which he was employed at the time of the accident,—because he could not stand on a scaffold. The evidence taken on the petition for rehearing before the Industrial Commission indicates clearly that he was suffering at least as much,—if not more severely,—as he was at the time of the hearing before the arbitrator; that he had a hissing sensation in his head which greatly disturbed him, although the evidence was not quite clear as to when he first was affected by the hissing in his head.

On the hearing before the arbitrator two doctors testified, apparently having been called by plaintiff in error. One of these doctors suggested in his evidence that he could not tell whether the applicant was shamming as to some of his claimed injuries or whether he was injured to the extent he claimed. The applicant was of Polish birth and could not be understood except through an interpreter, and these doctors testifying before the arbitrator on the original hearing stated they could not determine with absolute certainty the degree of deafness of the applicant because they had to talk through an interpreter. One of the doctors stated that he had no doubt the applicant had a slight impairment of hearing on the left side and a very marked impairment on the right side, but that the impairment on the right side was not caused by the injury. On the hearing for review before the Industrial Commission, after the transcript of the evidence on the original hearing before the arbitrator was introduced, Dr. Adams testified for the applicant to the effect that he found the applicant showed a marked disturbance of his equilibrium, especially

manifest when he had the patient attempt to stand upright and close his eyes; that he had ear trouble on both sides of the head, and that the witness was of the opinion that the trouble with the hearing was more internal than external; that in his opinion this condition of the patient was permanent. The doctor was examined at some length as to whether the applicant might not feign dizziness, and his testimony was to the effect that he was satisfied the applicant was not feigning the symptoms about which the witness testified, giving his reasons in detail as to why the applicant was not feigning. Dr. Adams stated that because of his dizziness the applicant could not work upon elevated structures. It also appears from the record that apparently both before and after the original hearing before the arbitrator the applicant had been treated in various hospitals, apparently with the knowledge, if not the acquiescence, of the plaintiff in error; that he had lost 35 pounds in weight since the accident; that he had gone to the plaintiff in error several months after the injury and had been given the lightest work it had about its business, which he could do sitting down; that after working for a short time he went to the foreman of his department and told him that he was so dizzy he could not continue the work, and was told by the foreman to have his time-card punched and go home.

Counsel for plaintiff in error apparently suggests that Dr. Adams was not shown to be qualified to testify with reference to the symptoms of the applicant to which his testimony referred. We find nothing in the record upon which to base this criticism. Dr. Adams testified that he had many years' experience as a physician, and nothing appears in the record to indicate that he was not fully qualified to give the testimony that he gave before the Industrial Commission. It may be noted in this connection that no attempt was made on the hearing before the Industrial Commission to contradict Dr. Adams' testimony as to the applicant's condition at that time. The Industrial Com-

mission had a right to assume, in view of the record made before it on this hearing, that Dr. Adams' testimony was trustworthy.

In our judgment the evidence taken on the rehearing justified the finding of the Industrial Commission that the disability had continued and increased after the original award made by the arbitrator, and that the disability existing at the time of the hearing before the commission was greater than that indicated by the testimony at the time of the hearing before the arbitrator. A finding that the disability had recurred or increased, if based upon legitimate conclusions from the facts proven before the Industrial Commission by competent evidence, cannot be reviewed by the courts. (*Carson-Payson Co.* v. *Industrial Com. supra.*) Whether a disease or condition is a continuation of the disability or a recurrence or an increase is a question of fact, which, when settled by proper evidence by the Industrial Commission, is conclusive upon the courts. *Squire-Dingee Co.* v. *Industrial Board,* 281 Ill. 359; *O'Callaghan* v. *Industrial Com.* 290 id. 222.

We find no error in the record. The judgment of the circuit court will be affirmed.          *Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

In my opinion there is no evidence in the record showing that the disability has increased since the original award was made, and therefore the commission had no jurisdiction to review the previous award. The evidence shows that the disability now existing is a continuation of the disability existing at the time the original award was made.