(No. 10792.—Judgment affirmed.)

THE ARNOLD & MURDOCK COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

1. CONSTRUCTION—*each section of a statute will be given effect, if possible.* In construing statutes each section or part will be looked to and given effect, if possible, and the intent of the lawmakers ascertained from a consideration of the entire act.

2. SAME—*words of a statute importing the plural number may include the singular, and vice versa.* To give effect to the legislative intention, words importing the singular number may be applied to several persons or things and words importing the plural number may include the singular.

3. WORKMEN'S COMPENSATION—*section 24 and paragraph (h) of section 19 of Compensation act apply to different classes of cases.* Section 24 of the Workmen's Compensation act of 1913, requiring a written claim for compensation to be made within six months after payments have ceased, applies only where there is a continuance of the disability beyond the time for which compensation has been agreed upon or awarded, and such section is wholly for the benefit of the employee, while paragraph (h) of section 19 is for the

benefit of both employee and employer and applies where the disability has recurred or increased within eighteen months from the time of the agreement or award or where the disability has ceased.

4. SAME—*paragraph (h) applies though compensation is paid in one installment.* Paragraph (h) of section 19 of the Workmen's Compensation act of 1913, providing for a review by the Industrial Board of an agreement or award providing for compensation "in installments," applies though the agreement or award provides for but one payment.

5. SAME—*no written claim for compensation needed under paragraph (h) of act of 1913.* Under paragraph (h) of section 19 of the Workmen's Compensation act of 1913 the filing of a petition to review an agreement or award within eighteen months from the time the agreement or award was made is all that is required, and the provision of section 24 requiring a written claim for compensation within six months after payments have ceased does not apply.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

THOMAS C. ANGERSTEIN, (GEORGE W. ANGERSTEIN, of counsel,) for plaintiff in error.

CHARLES W. LAMBORN, and EDWARD McTIERNAN, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error Walter Jacobs was injured March 26, 1914, while in the employ of the plaintiff in error, the Arnold & Murdock Company, as a teamster in the city of Chicago. On April 11, 1914, he executed a general release to plaintiff in error for the expressed sum of $7.88. A petition was filed by Jacobs with the Industrial Board on March 15, 1915, setting out the date of his injury and how he was injured while in the employ of plaintiff in error; that he was immediately disabled between two and three weeks, when the disability was apparently removed; that he was allowed compensation for a period of nine days and paid therefor, and that there was a recurrence of his disability about June 15, 1914, which wholly incapacitated him

from work. The Industrial Board found the disability of Jacobs recurred June 15, 1914, and that it was then of a total, permanent character, and so continued and existed at the time of the award. The Industrial Board entered an award of $6.90 per week from June 11, 1914, to October 27, 1915, for total disability; from October 27, 1915, to January 5, 1916, at the rate of $3.40 per week for partial disability, and from January 5, 1916, at the rate of $6.90 per week until the sum of total payments equaled $2870.40, of which sum $7.88 was a credit, and further ordered that at the end of such period or the payment of such sum Jacobs be paid $229.63 each year during his life, the same to be paid in monthly installments of $19.13.6 each. The circuit court upon writ of *certiorari* affirmed the award of the Industrial Board and certified that in the opinion of such court the cause was one proper to be reviewed by this court, and the cause has come to this court by writ of error.

It was stipulated by the parties upon the review of the decision of the Industrial Board by the circuit court that the evidence was sufficient to sustain the findings of fact as to the physical condition of defendant in error Walter Jacobs.

The Industrial Board, and the circuit court on review, held the board had jurisdiction to entertain the petition under paragraph (*h*) of section 19 of the Workmen's Compensation act, and that section 24 of the act, requiring a claim for compensation to be made within six months after payments under the act had ceased, was not applicable. The question here presented for review is to determine whether or not the Industrial Board had jurisdiction to entertain the petition of Jacobs filed March 15, 1915. This involves the construction of different sections of the act of 1913, particularly section 24 and paragraph (*h*) of section 19. Plaintiff in error in its brief says the only question presented is whether or not section 24 applies in the instant case. If it

does, it is claimed the Industrial Board had no jurisdiction. If it does not apply and paragraph (h) alone applies, the Industrial Board had jurisdiction of the petition.

Paragraph (h) provides: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agreement or award, be reviewed by the Industrial Board at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review compensation payments may be re-established, increased, diminished, or ended." Section 24, after reciting within what time notice of an accident must be given an employer and of what such notice shall consist, provides: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased."

In construing statutes each section or part will be looked to and given effect, if possible, and the intent of the lawmakers should be sought from a construction of the entire act. Section 9 of the act here involved provides under what circumstances a lump sum may be paid as an award under the act in lieu of payments in installments elsewhere provided for. Section 19 relates to procedure under the act, provides for a review of the decision of the committee of arbitration by the Industrial Board, a review of the decision of the Industrial Board by the circuit court, and a further review of the judgment of the circuit court by the Supreme Court by writ of error. Paragraph (h) here involved and above quoted then provides an agreement or award under the act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board

on the ground that the disability of the employee has recurred, increased, diminished or ended since the making of the agreement or award.

Section 24 applies where compensation has been agreed upon or awarded for a period supposed to be sufficient to cover the time the disability of the employee will continue. If after the expiration of that time and the payment of the compensation agreed upon or awarded the disability continues, the employee is allowed, upon giving notice within six months after payments have ceased, a further hearing upon a claim for compensation for a continuance of the injury beyond the time for which compensation was allowed and paid. This provision is wholly for the benefit of the employee. Paragraph ($h$) is intended for the benefit of both employer and employee. Where the compensation agreed upon or awarded is supposed to be sufficient for the time the disability will exist but there should afterwards, within eighteen months from the time the agreement or award was made, be a recurrence or increase in the disability, the employee may have the agreement or award reviewed by the Industrial Board. If within the same period of time the disability has diminished or ended the employer may have the agreement or award reviewed by the Industrial Board. Said paragraph ($h$) is not intended to apply to a case where there is a continuance of the disability beyond the time for which compensation has been agreed upon or awarded. That situation is provided for by section 24, but paragraph ($h$) has reference to a review by the Industrial Board on application of the employee on the ground that by reason of a recurrence or increase of the disability the compensation agreed upon or awarded to be paid in installments is insufficient, or a review on the application of the employer on the ground that the disability for which payments in installments have been agreed upon or awarded has diminished or ended. If section 24 applies to the same cases authorized to be reviewed by paragraph ($h$) the sec-

tion and paragraph are conflicting and contradictory. Paragraph (*h*) authorizes a review of the agreement or award for compensation payable in installments at any time within eighteen months after it is made, on the application of either party. If the application is made within the time limited no previous notice is required to authorize the review. No reference is made in section 24 to the review of an agreement or award of compensation on the ground the disability has recurred, diminished or ended. All of that section except the last sentence relates to the requirement of notice to the employer of the accident for which the employee claims compensation under the act, and by the last sentence of said section 24 it is provided that no proceedings for compensation shall be maintained unless claim has been made within six months after the accident, "or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased." A continuance of the disability beyond the time for which compensation had been made would necessarily be known to the employee within six months after the payments ceased, and the requirement that he make claim for further compensation for a continuance of the disability within six months after the payments ceased was evidently considered by the legislature a reasonable time within which to make such claim. Apparently it was thought by the legislature that when compensation was provided to be paid in installments for an amount supposed to be sufficient compensation for the disability, the employee should have eighteen months within which to have the agreement or award reviewed on the ground that there had been a recurrence or increase of the disability, neither of which had been considered when the agreement or award was made, and the employer shall have the same period for a review on the ground that the disability for which compensation was made had diminished or ended. No notice is required of the claim for a review

under paragraph (*h*) prior to the filing of a petition for that purpose within eighteen months after the agreement or award is made. We think it apparent the legislature, by section 24 and paragraph (*h*) of the statute, intended them to apply to two different classes of cases, and so construing them renders them consistent and harmonious, gives effect to the intention of the law-making body, and such construction is in harmony with the rules for the construction of statutes. *Uphoff* v. *Industrial Board,* 271 Ill. 312.

It is contended that it does not appear the payment of $7.88 made to the claimant was for compensation under the Workmen's Compensation act and that there was no payment by installments, but that one sum ($7.88) was paid and a release signed by Jacobs, the employee, stating the payment was accepted in satisfaction of the injuries received by him. The release contains recitals which, in effect, recognize the relation of employer and employee between the Arnold & Murdock Company and Jacobs, that the latter was injured while in the employment of the former and claimed compensation for the injury, and that in consideration of the payment of $7.88 (which sum we are justified in inferring from the record was based on the weekly wage of Jacobs) he released all further claims for compensation on account of the injury, including all claims or demands which might become due under the Workmen's Compensation act. From the recitals in the release it sufficiently appears that the compensation was made under the Workmen's Compensation act, and the fact that there was but one payment made does not take the case out of the class of cases provided for in paragraph (*h*). True, that paragraph uses the term "installments," but it would be a highly technical construction to hold if two or more installments were paid paragraph (*h*) would apply, but if by the agreement or award only one installment was paid no review could be had under the provisions of said paragraph. We would not feel warranted in giving that construction to the

legislative intention. To give effect to the legislative intent, words importing the singular number may be applied to several persons or things and words importing the plural number may include the singular. Hurd's Stat. 1916, chap. 131, sec. 1, pars. 1, 3; *Perkins* v. *Bertrand*, 192 Ill. 58.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*