(No. 12274.—Judgment affirmed.)

THE WABASH RAILWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CLAUDE WILLIAMS, Defendant in Error.)

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. WORKMEN'S COMPENSATION—*what is sufficient notice of an injury.* Notice to the foreman or superintendent of the railway shops that a night watchman in the shops had been injured is sufficient notice to the company, under the statute.

2. SAME—*when disability is the result of injury.* Where an employee is injured on the knee while performing his duties and tuberculosis of the knee develops as a result of the injury, requiring amputation of the leg, the employee's disability must be held to be the result of an injury arising out of and in the course of his employment, even though he may have been predisposed to tuberculosis of the bones.

3. SAME—*when receipt and release must be regarded as made under the Compensation act.* Where an employer is operating under the Compensation act, a receipt and release given by an injured employee in satisfaction of his claim on the theory he had fully recovered must be regarded as made under the Compensation act, whether or not it is so stated.

4. SAME—*what is contrary to policy of Compensation act.* It is contrary to the policy of the Compensation act to allow an employer, while choosing to come under its provisions by not filing an election in writing to the contrary, to relieve himself from liability under the act by private agreement or contract with the employee.

5. SAME—*when employee is not engaged in inter-State commerce.* A night watchman in the locomotive shop of a railway company is not engaged in inter-State commerce because dead en-

gines which were brought into the shop for repair had some of them been engaged in inter-State traffic.

6. SAME—*when employee is entitled to compensation for total permanent disability.* Where an employee who previous to his employment has lost an arm loses a leg as the result of an injury arising out of and in the course of his employment, he is entitled to compensation for total permanent disability under paragraph (*e*) of section 8 of the Compensation act.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

CREA, HOUSUM & HAMILTON, (J. L. MINNIS, and N. S. BROWN, of counsel,) for plaintiff in error.

FANNIE A. BIVANS, and LEFORGEE, BLACK & SAMUELS, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error by the Wabash Railway Company to review the judgment of the circuit court of Macon county modifying the decision of the Industrial Commission awarding compensation to Claude Williams for disability resulting from an injury which he received while in the employ of plaintiff in error.

Williams was employed by plaintiff in error as a night watchman in its shops in the city of Decatur. Previous to his employment in this capacity he had suffered the loss of his left arm by amputation near the shoulder. Williams' duties required him to take care of the locomotive shop and the store-room. Another night watchman had charge of the blacksmith shop. On the night of April 3, 1916, the man who watched the blacksmith shop was not on duty. There is evidence in the record tending to show that Williams was required, in the performance of his duties on that night, to go from the locomotive shop or store-room to the blacksmith shop. While returning from the blacksmith shop he stumbled over a pile of scrap-iron, fell and injured his

left knee. The knee became so painful that Williams was compelled to quit his work. He delivered his keys to a fellow-workman and was taken to the Wabash Employees' Hospital, where he remained until June 29 following. Williams' keys were the following morning delivered to the foreman of the Wabash shops, who was informed of the injury to Williams and who employed a man on that day to take his place. On July 20, 1916, Williams settled with the claim agent of plaintiff in error for the injury upon the theory that he had then fully recovered, was paid the sum of $145 and gave his receipt therefor. This receipt contained a full satisfaction, release and discharge of all claims which Williams had against plaintiff in error on account of the injury which he had received on April 3. Williams thereafter returned to his work as night watchman and was so employed until the month of October, when the injury recurred. He was again taken to the Wabash Employees' Hospital. Tuberculosis of the bone set in as a result of the injury, and Williams' leg was amputated about six inches below the hip joint on April 4, 1917.

On October 25, 1917, Williams filed a petition, under paragraph (*h*) of section 19 of the Workmen's Compensation act, to review the agreement made between him and plaintiff in error on July 20, 1916. On December 28, 1917, the commission rendered its decision allowing Williams the sum of $6 per week for a period of 175 weeks for the total loss of his leg and the sum of $6 per week for a further period of 48 weeks for temporary total disability. Upon writ of *certiorari* the circuit court of Macon county modified the decision of the Industrial Commission, and Williams was allowed to recover the sum of $2400, to be paid at the rate of $6 per week, commencing April 5, 1916, at the expiration of which time he was allowed a pension at the rate of $16 per month during the remainder of his lifetime, the plaintiff in error being given credit for the sum of $145 already paid to Williams.

The evidence clearly discloses that the disability of Williams was the result of an injury arising out of and in the course of his employment. The fact that Williams may have been predisposed to tuberculosis of the bones does not affect the result, as the evidence shows that the tuberculosis of the left knee developed as a result of the injury.

It is contended that the Industrial Commission did not have jurisdiction. The notice to the foreman or superintendent of the shops that Williams had been injured was sufficient notice under the statute, as he was the agent of the plaintiff in error. *Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498.

While the receipt and release given at the time of the settlement of July 20, 1916, made no reference to the Workmen's Compensation act, this was clearly a settlement or agreement made under the act. It is true that the provisions of the act were not followed in making this settlement, as Williams was receiving for his services $50 per month and under this settlement he was paid in full for the time lost. Plaintiff in error was operating under the act, and any settlement or agreement made with an injured employee must be considered as having been made under the act, whether so expressly stated or not. It is contrary to the policy of the act to allow an employer, while choosing to come under its provisions by not filing an election in writing to the contrary, to relieve himself from liability under the act by private agreement or contract with the employee. (*Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112.) This was such an agreement as is contemplated by paragraph (*h*) of section 19 of the act, and as the petition for review was filed with the commission within eighteen months after the agreement was entered into, the applicant was properly allowed to show that his disability had recurred subsequent to the making of the agreement. *Arnold & Murdock Co.* v. *Industrial Board,* 277 Ill. 295.

It was shown that plaintiff in error was engaged in the business of inter-State commerce, and it is contended that at the time of his injury Williams was also so engaged, and that the Federal act, and not the Illinois act, applied. Dead engines were brought into the shops of plaintiff in error and repaired. While it is true that these engines had been used in both intra-State and inter-State traffic their repair had no direct connection with such traffic, and defendant in error, when performing his duties as watchman in those shops, was not engaged in inter-State commerce. *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Board,* 273 Ill. 528.

The principal contention made by plaintiff in error is that the circuit court erred in holding that it was liable to pay compensation for a total and permanent disability. The basis of this contention is that the loss of one leg does not constitute total permanent disability. Defendant in error, Williams, contends, on the other hand, that the loss of his left leg, combined with the previous loss of his left arm, constitutes total permanent disability and that the judgment of the circuit court is correct. This precise question has not arisen before in this State. It has arisen in other jurisdictions under compensation acts similar to our act. In Massachusetts and New York it has been held that under such circumstances the disability occasioned is total and permanent. (*In re Branconnier,* 223 Mass. 273; *Schwab* v. *Emporium Forestry Co.* 216 N. Y. 712.) The Michigan court takes the contrary view. (*Weaver* v. *Maxwell Motor Co.* 186 Mich. 588.) Paragraph (*e*) of section 8 of the Workmen's Compensation act provides that the loss of both hands or both arms, both feet, both legs, both eyes, or any two of them, shall constitute total and permanent disability, for which compensation shall be paid according to paragraph (*f*). Paragraph (*f*) is as follows:

"(*f*) In case of complete disability, which renders the employee wholly and permanently incapable of work, com-

pensation equal to fifty percentum of his earnings, but not less than $6 nor more than $12 per week, commencing on the day after the injury and continuing until the amount paid equals the amount which would have been payable as a death benefit under paragraph ·(*a*), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in said paragraph (*a*), section 7, and thereafter a pension during life annually equal to eight per cent of the amount which would have been payable as a death benefit under paragraph (*a*), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in said paragraph (*a*), section 7. Such pension shall not be less than $10 per month and shall be payable monthly."

We are disposed to follow the reasoning of the Massachusetts court construing a statute quite similar to ours, and hold that this act applies where the loss of one of the members mentioned occurred previous to the employment and the loss of the other occurred as the result of an injury arising out of and in the course of the employment. This, in our opinion, is the fair intent and meaning of the act. When Williams was employed by plaintiff in error he had lost his left arm, and his capacity for work was to that extent impaired. He was employed to do work which could be performed by a man having but one arm, and he was paid upon that basis. By the loss of his leg such capacity as he had for work was entirely destroyed, and under the provisions of the act he was entitled to compensation for total permanent disability. Such a construction of the act works no hardship upon plaintiff in error. Williams was employed and paid as a man of limited capacity, and the compensation which plaintiff in error is required to pay is based upon the wages it was paying him as a man of limited capacity.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*