(No. 14013.—Reversed and remanded.)

WILLIAM J. JACKSON, Receiver, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALFRED T. RICHTER, Defendant in Error.)

*Opinion filed February 22, 1922—Rehearing denied April 5, 1922.*

1. WORKMEN'S COMPENSATION—*what agreement cannot be regarded as a demand for payment of compensation.* An agreement whereby an injured employee accepts a certain sum in settlement of all claims and causes of action against his employer cannot be construed as a demand for payment of compensation, which section 24 of the Compensation act requires must be made within six months after the accident.

2. SAME—*payments for medical services are payments of compensation within meaning of section 24 of Compensation act.* Payments for medical services rendered to the injured employee are payments of compensation within the meaning of the provision of section 24 of the Compensation act requiring claim for compensation to be made within six months after payments have ceased.

3. SAME—*when recovery is barred for failure to make claim for compensation within required time.* If no written claim for compensation was made within six months after the accident nor within six months after payments of compensation had ceased, and where the notice of claim for compensation was not filed with the Industrial Commission until twenty months after the employee returned to work, further recovery of compensation for the injury is barred.

4. SAME—*when paragraph (h) of section 19 of Compensation act does not apply.* Paragraph (h) of section 19 of the Compensation act, providing for the review of an agreement or award on the ground that the disability has subsequently recurred, increased, diminished or ended, does not apply to an original application for compensation.

5. SAME—*when objection to jurisdiction of the Industrial Commission is waived.* Objection to the jurisdiction of the Industrial Commission on the ground that the stenographic report of the evidence before the arbitrator was not filed within the time required by law is waived by appearance of the parties before the commission and participation in the proceedings; and an objection that claim for compensation was not made within the required time will be likewise waived if not made before the Industrial Commission.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

EDWARD W. RAWLINS, and CHARLES O. FOWLER, (HOMER T. DICK, and KENNETH B. HAWKINS, of counsel,) for plaintiff in error.

I. J. FRANKLIN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On December 24, 1917, defendant in error, Alfred T. Richter, was injured while employed by plaintiff in error, William J. Jackson, receiver of the Chicago and Eastern Illinois Railroad Company, and while re-building or repairing the end of a car, for which purpose he was using a rivet-reaming machine. The injury was caused by a piece of steel shaving striking him in the eye. He notified the foreman of his injury, who sent him to Dr. Weidner, the company's doctor, who removed two foreign substances from the eye. As this doctor was only a general practitioner he sent Richter to Dr. Mundt, the company's eye specialist, who examined and treated his eyes the same evening of the accident. Richter returned to work December 26, 1917, and continued in the service of the same employer until August 16, 1918, when he left that employment and entered the service of another employer. He testified that the sight of his injured right eye began to fail immediately after the accident, becoming quite noticeable in January and February, 1918. May 22, 1918, he again went to Dr. Mundt, who treated his eye until May 27, 1918. On the latter day he called on the claims attorney for plaintiff in error and told him that Dr. Mundt said the trouble with his eye was not due to any injury but advised him to see if the railroad company would do anything for him. The attorney verified Richter's statement by telephoning Dr. Mundt, who advised an operation, and said it would

cost $150, including hospital services. The attorney then gave Richter a check for $75 for payment on operation, which recited that it was in full settlement of all claims, demands or causes of action against plaintiff in error, at common law or under any State or Federal statute, arising out of personal injuries to claimant on or about December, 1917, or May, 1918. On the same day, May 27, 1918, Richter, and the attorney on behalf of plaintiff in error, signed an agreement, wherein plaintiff in error agreed to pay Richter said sum as the sole consideration and without any other promise or agreement, and Richter agreed to accept said sum in full settlement and satisfaction of all claims, demands and causes of action against plaintiff in error, at common law or under any State or Federal statute, arising from personal injury received by him at or near Yard Center, Illinois, on or about December, 1917, and May, 1918. Richter testified that in August, 1920, he discovered that he had completely lost the sight of his right eye, and that his eye was perfect before he received the said injury.

Defendant in error filed his application for adjustment of his claim August 26, 1919, twenty months after he returned to his work for plaintiff in error. The arbitrator made an award of $10.745 per week for a period of 100 weeks for permanent loss of sight of the right eye, under the provisions of paragraph (e) of section 8 of the Compensation act, on October 6, 1919. Petition for review was filed by plaintiff in error with the Industrial Commission, and after a hearing, in which both parties appeared and participated, the commission approved and confirmed the award, allowing a credit to plaintiff in error of $75, which had also been allowed by the arbitrator, and ordered that the award stand as the decision of the commission. The circuit court of Cook county in *certiorari* proceedings before it, modified the award by disallowing the credit of $75 and confirmed it for $10.745 per week for 100 weeks. A

writ of error was allowed by this court for review of the judgment of the circuit court.

Two questions, only, are raised on this record by plaintiff in error: (1) No written claim for compensation was made within the time required by the statute after payments of compensation had ceased; (2) the defendant in error failed to show by competent evidence that the loss of his eye was due to an injury arising out of and in the course of his work.

We think the evidence in this record sustains the award and finding of the commission that the defendant in error lost the sight of his eye by reason of the injury aforesaid and that such injury arose out of and in the course of his work. As the judgment of the court will have to be reversed for the reasons assigned in plaintiff in error's first contention it will not be necessary to make any further discussion of the second contention.

The evidence of the defendant in error is positive that he never at any time made any written demand upon the plaintiff in error for compensation, or any demand therefor whatever, except as disclosed in the foregoing statement. Plaintiff in error paid both of the physicians for their services in treating the eye of defendant in error in December, 1917, and in May, 1918, in addition to the payment of $75 for operation and in full settlement of all of his claims. The agreement signed by the parties on May 27, 1918, cannot be construed as a demand for payment for his injuries. The payments for medical services for defendant in error were payments of compensation under the provisions of the Compensation act. *Central Car Works* v. *Industrial Com.* 290 Ill. 436.

Section 24 of the Compensation act of 1917 provides that no proceedings for compensation under the act shall be maintained unless claim for compensation has been made within six months after the accident, or, in the event that

payments have been made under the provisions of the act, unless written claim for compensation has been made within six months after such payments have ceased. There was no demand of any character after the payment of the $75 for operation and hospital fees, if that shall be considered as a payment under the act, and there was no written demand after the payments of compensation had ceased in May, 1918, as required by the foregoing section. Defendant in error is therefore barred, under this section of the statute, from any recovery unless there is some other section of the statute under which he can maintain his claim.

Paragraph (*d*) of section 8 of the Compensation act further provides that in the event the employee returns to the employment of his employer in whose employment he was injured the employee shall not be barred from asserting a claim for compensation under the act, provided notice of the claim is filed with the Industrial Board within eighteen months after he returns to such employment, and the board shall immediately send to the employer, by registered mail, a copy of such notice. Defendant in error returned to his employment with plaintiff in error on December 26, 1917, just twenty months before his claim for compensation was filed. The eighteen months dates from the day the employee returns to the service of his employer under whom he was injured, and he is barred from recovering under this section.

Paragraph (*h*) of section 19 of the Compensation act is not applicable to this case, as that section simply provides that an agreement or award under the act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended, and on such review compensation payments may be re-established, increased, diminished or ended. The appli-

cation in this case is an original application for compensation and not for the review of an agreement or award for compensation in installments. For the same reason the case of *Tribune Co.* v. *Industrial Com.* 290 Ill. 402, is not applicable.

It is suggested by defendant in error that the transcript of the proceedings before the Industrial Commission was not filed in time, as required by statute, and *People* v. *Andrus,* 299 Ill. 50, is cited as authority for that proposition. It is true that the transcript of these proceedings was filed long after the time allowed by paragraph (*b*) of section 19 of the Compensation act, and the commission would thereby have lost jurisdiction of the case had defendant in error taken advantage of this objection before the commission before he appeared and participated in the case. The commission had jurisdiction of the subject matter of the proceedings and had jurisdiction of the parties by reason of their appearance and taking part in the proceedings. The objection of defendant in error is therefore waived. *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.

Plaintiff in error made his contention before the Industrial Commission that the defendant in error had not made written demand within six months after payment of compensation had ceased or any demand for compensation at any time. His contention would have also been waived had it not been made before the Industrial Commission, as held in the case last cited.

For the reasons aforesaid the judgment of the circuit court is reversed and the cause is remanded to the circuit court, with directions to quash the record of the Industrial Commission.    *Reversed and remanded, with directions.*