(No. 3546— )

CLARENCE MALCOLM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

PAUL D. PERONA, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed October 1, 1941, seeking an award in the sum of Two Thousand Five Hundred Ninety-four Dollars and Twenty-five Cents ($2,594.25), for compensation together with additional medical, surgical, hospital and other expenses which might arise from any operation that might be performed in the future together with temporary total disability compensation, because of injury suffered by the claimant while employed by the Division of Highways, Department of Public Works and Buildings. He was injured while employed as a laborer on S. B. I. Route No. 89, on May 31, 1939.

Claimant was paid temporary compensation for the period from July 1, to 26th, inclusive, in the total sum of Sixty-nine Dollars and Ninety-two Cents ($69.92), this having been paid in two installments by warrants. The last one in the sum of Thirty-two Dollars and Forty-six Cents ($32.46) having been cashed for payment on August 16, 1939.

The respondent filed a motion to dismiss the complaint for the reason the complaint was not filed in compliance with Section (24) of the Workmen's Compensation Act.

The motion came up before the court for argument and after the oral arguments were concluded on or about the 10th day of December 1940, the court ordered that said motion should be taken with the case. Evidence was taken on the 16th day of September, 1941 following which the parties hereto filed their statement, brief and arguments.

Inasmuch as the court ordered that the motion to dismiss be taken with the case at the conclusion of the evidence it would appear that this question must be decided in the first instance.

The respondent contends that the complaint shows on its face that the injury occurred on the 31st day of May, 1939, and that the last payment of temporary compensation was August 16, 1939. That the claim was not filed until October 1, 1940 more than twelve months having elapsed from the last compensation payment to the date of filing, and urges that the court is without jurisdiction to hear this case.

The claimant in his argument acknowledges that this is not an original claim for compensation, but defines it as a petition under Section (19-h) seeking an award because he says the injury has increased since the last compensation payment made to claimant, and says this court does have jurisdiction to try this case, and says that Section (24) of the Workmen's Compensation Act does not apply.

Two sections of the Workmen's Compensation Act are then to be considered namely Section (24) which is jurisdictional requiring the claimant to file his claim within twelve months from the date of the injury or within twelve months from the last payment of compensation, and Section (19-h) which allows eighteen months in which a petition may be filed after an agreement or award has been made. The basis on which such contention is made is that the payment of compensation to claimant constituted such an agreement under the Act that permits a review of said agreement at the request of either the employee or the employer, after such agreement on the ground: "that the disability of the employee has subsequently recurred, increased, diminished or ended."

We will consider Section (24) first; it is as follows:

"No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty (30) days after the accident, except in cases of hernia, in which cases notice shall be given the employer within

fifteen (15) days after the accident. In case of mental incapacity of the employee or any dependents of a deceased employee who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided shall not begin to run against said mental incompetents until a conservator or guardian has been appointed. No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall be given orally or in writing, shall give the approximate date and place of the accident, if known; *provided,* no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, *provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the last payment of compensation, the right to file such application shall be barred."

This section has been construed by the Supreme Court of this State and the Court of Claims so often that citations are unnecessary except to say that we are in accord with the Attorney General's view that this section is jurisdictional.

In the Act creating the Court of Claims and to prescribe its powers and duties approved June 25, 1917, it is specifically provided: "To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act.' The Industrial Commission being hereby relieved of any duties relative thereto."

And we have repeatedly held, following the decisions of the Supreme Court of Illinois, and our own decisions that where an employee of the State has been injured he must notify his employer within thirty days, make demand for compensation within six months and file his claim in this court within twelve months after the said injury or after the last payment of compensation. These time limitations are jurisdictional and unless they are followed strictly by the claimant this court is without jurisdiction to hear the matter and upon motion the complaint will be dismissed.

*Crabtree* vs. *State,* 7 C. C. R., 207.
*Gettinger* vs. *State,* 8 C. C. R., 1.
*Quillman* vs. *State,* 8 C. C. R., 7.
*Dahler* vs. *State,* 8 C. C. R., 23.
*Lay* vs. *State,* 8 C. C. R., 33.
*Duke* vs. *State,* 8 C. C. R., 225.
*Thompson* vs. *State,* 9 C. C. R., 97.
*Ray* vs. *State,* 10 C. C. R., 66.

*Baker* vs. *State*, 10 C. C. R., 111.
*Denham* vs. *State*, 10 C. C. R., 317.
*Simpson* vs. *State*, 10 C. C. R., 394.

Since the claimant admits that this claim is not filed under Section (24) and since the complaint shows on its face that more than twelve months elapsed from the date of the injury or the tender and acceptance of a State warrant to claimant, the court must conclude that the provisions of Section (24) of the Workmen's Compensation Act have not been complied with and the court lacks jurisdiction to consider this claim under that section, as an original proceeding.

Having therefore ruled out Section (24) of the Workmen's Compensation Act as not being applicable to this claim we will next consider Section (19-h) which is as follows:

"An agreement or award under this Act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed by the Industrial Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review compensation payments may be re-established, increased, diminished or ended: *Provided*, that the Commission shall give fifteen days' notice to the parties of the hearing for review: *And, provided, further*, any employee, upon any petition for such review being filed by the employer, shall be entitled to one day's notice for each one hundred miles necessary to be traveled by him in attending the hearing of the Commission upon said petition, and three days in addition thereto, and such employee shall, at the discretion of the Commission, also be entitled to five cents per mile necessarily traveled by him within the State of Illinois in attending such hearing not to exceed a distance of 300 miles, to be taxed by the Commission as costs and deposited with the petition of the employer: *Provided, further*, that when compensation which is payable in accordance with an award or settlement contract approved by the Industrial Commission, is ordered paid in a lump sum by the Commission, no review shall be had as in this paragraph mentioned."

It is to be noted that the review provided for under Section (19-h) is not an original proceeding and the petition for review thereunder cannot be filed or in any manner be considered as an original application for adjustment of claim. And no question having to do with liability of an employer for compensation or with any right of an employee to compensation as original questions, can be considered in such proceeding. All questions concerning whether the employer and the employee are under the Act; whether there was an accidental injury arising out of and in the course of employment; of notice of accident; of claim for compensation and compliance with Section (24) of the Act and all questions as to

whether or not the employer is liable for and the employee entitled to compensation must be determined first by agreement of the parties or upon proceedings on an original complaint for compensation filed in compliance with the provisions of Section 19 (a) (b) (e) and Section (24).

Section (19-h) makes provisions only for the review of a prior agreement or award and solely on the ground that the disability of the employee has recurred, increased, diminished or ended, subsequent to the time such prior agreement or award was made or entered, and either the claimant or respondent may avail himself of the provisions of this section.

This is well settled in *City of Pana* vs. *Industrial Board,* 279 Ill., 279. There it was urged that the Circuit Court on certiorari had rightly quashed the proceedings of the board because the board in its hearing on review under Section (19-h) had heard the matter as if it were an original proceeding and the court said (p. 280):

"This court, in construing that section in *Bloomington, Decatur and Champaign Railroad Co.* vs. *Industrial Board,* 276 Ill. 120, said: 'The award constitutes a final adjudication upon all matters in dispute up to the time of the hearing at which the award is made. Upon a review under said paragraph (h) the parties are bound by the proof made as to the injuries received and the disability which ensued on the hearing which resulted in making the award. It would not be proper upon such review to again go into the facts as to the injury and the disability which ensued, as those matters have been finally adjudicated.' . . . *It is clear, also, that the Industrial Board heard the matters as if it were an original proceeding. This could not be done under said paragraph (h)*."

In *Jackson* vs. *Industrial Commission,* 302 Ill. 281, there was an original application for adjustment of claim and no claim for compensation had been made within six months as provided in Section (24) of the Act, and it was contended that paragraph (h) of Section (19) was applicable. The court said (p. 285):

"Paragraph (h) of Section (19) of the Compensation Act is not applicable to this case, *as that section simply provides that an agreement or award under the act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed* by the Industrial Board at the request of either the employer or employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended, and on such review compensation payments may be re-established, increased, diminished or ended. The application in this case is an original application for compensation and not for the review of an agreement or award for compensation in installments."

So we see as stated in many decisions the fundamental theory, basis, intent and purpose of paragraph (h) of Section (19), is that it provides a review only in cases where there has been *an agreement or award which has settled all questions in dispute, particularly as to liability for compensation,* and on such review the only question for consideration is whether such disability has recurred, increased, diminished, or ended.

Claimant here contends that an ''agreement'' was entered into with the respondent in reference to his injury, and that a settlement was made by the payment of ($69.92), and that since said payment of this sum to the claimant, his disability has recurred and increased.

Prior to 1925 this argument of claimant would have been sound but during that year paragraphs (A) and (I) of Section (8) were amended and became effective that year. This amendment provided that any payment of compensation by the employer to an injured employee prior to the time of the filing of an application for an adjustment of claim, shall not be construed against the employer as a liability to pay compensation.

We are faced then with this question; If the respondent pays an injured employee a sum of money by warrant or otherwise before the filing of a claim for adjustment of compensation and not being based on a written settlement contract should paragraph (h) of Section (19) be invoked by the claimant or should it apply only to awards and definite agreements such as settlement contracts?

In considering this question the fundamental theory or basis and intent and purpose of paragraph (h) of Section (19) must be kept in mind. As stated in many of the decisions, it provides a review only in cases where there has been ''an agreement or award'' which has settled all questions in dispute, particularly as to liability for compensation, and on such review the only question for consideration is whether such disability has recurred, increased, diminished or ended. Prior to such amendments, above referred to, in 1925, the furnishing of such medical services, etc., was held to be a payment of compensation and also the payment of compensation was held to be an admission of liability. Obviously, therefore, prior to such amendments where the employer had furnished medical services *or made any payment*

*of compensation* or had made any payment or settlement on account of an injury to an employee, such payment was considered as an admission of liability and as an agreement between the employer and the employee that the injury was due to accident arising out of and in the course of employment. Such payment was therefore considered as an agreement settling all questions in dispute and on a hearing on petition under paragraph (h) of Section (19), the only question for consideration was whether the disability had recurred, etc., and questions as to liability could not be considered. It is also important to note that all the decisions, above referred to, in which questions were considered as to what constituted an agreement or award subject to review under paragraph (h) of Section (19) were rendered prior to such amendment.

If subsequent to such amendments the furnishing of medical services, etc., shall not be construed to admit liability to pay compensation or be construed as a payment of compensation and any payments of compensation prior to the filing of an application for adjustment of claim shall not be construed against the employer as admitting liability to pay compensation and such is the *express and specific language* of those amendments, then it seems that such payments do not constitute ''an agreement'' as to all questions of liability and under the express language of those amendments such payments do not admit liability to pay compensation and shall not be construed as admitting a liability.

And so we must come to the conclusion that inasmuch as a review can be had under paragraph (h) of Section (19) only in cases where there has been a prior, original agreement or award settling all questions as to liability and such review cannot be considered as an original hearing, in which questions of liability can be considered, and inasmuch under the express provision of the amendments referred to, such payments shall not be construed as admitting liability it seems clear that mere payments for medical services or mere payments of compensation prior to the filing of an application for adjustment of compensation cannot be held as an agreement settling all questions as to liability and therefore they could not constitute an agreement subject to review under paragraph (h) of Section (19). It would therefore seem that only an agreement such as a settlement contract entered into between employer and employee, and presented

and approved by this court which settled all questions as to liability or an award by this court which settled all questions of liability, could be reviewed under paragraph (h) of Section (19). Certainly such a construction is warranted when the express language of such amendment is considered in connection with the language of the Supreme Court used in many cases in defining the intent and purpose of paragraph (h) of Section (19), and the positive requirement that there must have been an agreement or award settling all questions as to liability before such a review could be had. Such a construction would not involve any hardship because in cases in which no definite agreement had been entered into between respondent and employee, the employee could file an application for compensation in this court within one year from the date of injury or within one year from the last date of compensation where payments had been made. Such construction, moreover, would obviously be in accordance with the essential intent and purpose of the amendment to paragraphs (a) and (i) of Section (8) above referred to. The purpose of those amendments was to encourage the prompt furnishing of medical services and the prompt payment of compensation. Prior to such amendments the employer in fact furnished medical services or made payments at his peril and the result was that in cases of doubtful liability there was much delay in furnishing such services or in making of payments. The same reason would exist for the construction above submitted, because if such payments should be held to constitute an admission of liability or an agreement settling all questions of liability which could be reviewed within eighteen months under paragraph (h) of Section (19) the respondent for its own protection should not make any payment of medical or any payment of compensation unless it was absolutely certain that there was a compensation liability and was willing to waive all possible questions as to liability because in any case in which a review can be had under said paragraph (h) no question of liability can be raised.

On every principle of statutory construction and of sound reasoning, if the payment for medical services or payment of compensation prior to the time of the filing of an application for adjustment of claim shall not be construed as an admission of liability to pay compensation then certainly any

such payments should not be held as an admission, waiver and settlement of all questions of liability so as to furnish a basis for a review under paragraph (h) of Section (19). The review under paragraph (h) of Section (19) should apply only to definite agreements or settlement contracts wherein the employer and employee definitely settle all questions of liability or to awards in which there are definite findings on all questions of liability.

*The Employer and The Workmen's Compensation Act of Illinois,* Angerstein.

We hold that the mere payment of Sixty-nine Dollars and Ninety-two Cents ($69.92), did not constitute a settlement agreement as contemplated in the Workmen's Compensation Act; that claimant in failing to file his claim within the time required in Section (24) of said Act lost his right to recover from the respondent and that this court cannot hear and determine a petition by claimant in this case for the above and foregoing reason.

The motion to dismiss by the Attorney General is therefore granted and the petition is dismissed.