(No. 27079.—Judgment affirmed.)

SAM MADSEN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE BORDEN COMPANY, Defendant in Error.)

*Opinion filed September 24, 1943.*

MURPHY, J., dissenting.

TAGE JORANSON, for plaintiff in error.

PHILIP S. CAMPBELL, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

January 11, 1940, Sam Madsen, an employee of the Borden Company, sustained an injury in the course of his employment. The employer furnished and paid Madsen's hospital and medical services and, in addition, paid him compensation in installments aggregating $321.83. This amount represented compensation for temporary total disability at the rate of $17.60 per week for eighteen weeks and two days. June 19, 1940, a "Final Report and Settlement Receipt," dated May 14, 1940, was filed by the employer's attorney with the Industrial Commission. The final portion of the document captioned "Final Receipt," dated May 31, 1940, executed by Madsen, recites that he had received a final payment of $35.20, which, together with the previous payments, made $321.83, "in full settlement of compensation under the provisions of the Illinois Workmen's Compensation Act, for injuries received by said em-

ployee because of the accident indicated above while in the employ of said employer. Subject to review by the Industrial Commission." The form of report and receipt used is prescribed by the Industrial Commission. July 7, 1941, Madsen filed with the Industrial Commission his "Petition for Review of Agreement or Award," alleging that on an unnamed day an agreement was made for the payment of compensation on account of an accidental injury sustained on January 11, 1940, arising out of and in the course of his employment, and that the agreement should be reviewed because the disability resulting from the injury had, subsequent to the date of the agreement, recurred and increased. The relief sought was an increase in the compensation payments fixed in the agreement. August 4, 1941, the employer filed its motion to strike the petition for review and to dismiss the proceedings on the grounds that there was no agreement or award open to review by any petition for review and that no application for compensation had been filed with the Industrial Commission within one year after the date of the alleged accident or within one year after the date of the last payment of compensation. Upon the hearing, the parties stipulated that on January 27, 1940, the employer filed a report of the accident in this proceeding, and that, thereafter, interim receipts were filed disclosing payments to Madsen in connection with the accident. February 27, 1942, the commission granted the employer's motion to strike and dismissed Madsen's petition. The circuit court of Cook county confirmed the decision of the commission. We have granted Madsen's petition for writ of error, and the record is here for a further review.

Plaintiff in error, Madsen, contends that there was a settlement between himself and the defendant in error, the Borden Company, and that this settlement is subject to review, conformably to section 19(h) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1941, chap. 48,

par. 156.) The applicable section declares that an agreement or award, under the act, providing for compensation in installments, may at any time within eighteen months after the agreement or award be reviewed by the Industrial Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended. On such review, it is provided that compensation payments may be re-established, increased, diminished or ended. Defendant in error maintains that since plaintiff in error did not, at any time, file an application for compensation the Industrial Commission lacked jurisdiction to entertain a petition for review under section 19(h) filed more than twelve, but less than eighteen, months after the final receipt was signed or filed. Section 24, as amended in 1939, prescribes that, in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred.

Sections 19(h) and 24 refer to two different classes of cases. Section 24, applying to original claims for compensation, requires an application for compensation· to be filed with the Industrial Commission within one year after the date of the accident where no compensation has been paid or within one year after the date of the last payment of compensation where any has been paid, as here. The injured employee may thus avail himself of the provisions of section 24 where there is a continuance of the disability beyond the time for which compensation has been agreed upon or awarded. This section is wholly for the benefit of the employee. (*Arnold & Murdock Co.* v. *Industrial Board,* 277 Ill. 295.) On the other hand, subsection (h) of section 19 is for the benefit of both employee and employer and applies where the disability has recurred or in-

creased within eighteen months from the time of the agreement or award or where the disability has ceased. A prerequisite to a hearing under section 19(h) is a previous agreement or award. Before there can be an agreement or an award there must be an admission by the employer, or a determination by the Industrial Commission, that the disability for which the employee claims compensation arose out of an industrial accident. (*Stromberg Motor Device Co.* v. *Industrial Com.* 305 Ill. 619.) A recurrence, an increase, a diminution, or termination of an employee's disability is the only question open on a petition for review under section 19(h). Conversely, the employer is precluded from questioning the applicability of the Workmen's Compensation statute, whether the injured claimant was actually an employee, whether the injuries sustained arose out of and in the scope of an employee's duties, and whether the injured employee gave notice of injury and made a claim for compensation within the time prescribed by section 24. Here, plaintiff in error never filed an application for adjustment of compensation, and the question of defendant in error's liability, if any, to him has never been presented to the Industrial Commission. May 31, 1940, was the date of the last payment of compensation to plaintiff in error. The time for filing an application for compensation with the Industrial Commission expired May 31, 1941. The petition for review under section 19(h) was filed thereafter, on July 7, 1941. Admittedly, there was no award subject to review under section 19(h). The decisive issue is, hence, narrowed to a determination of whether there was an agreement between the employer and the employee eighteen months prior to July 7, 1941, when the application for a hearing under section 19(h) was filed.

Plaintiff in error contends that the final report and settlement receipt filed with the Industrial Commission is evidence of an agreement on the part of defendant in error to pay him compensation and that since the agreement was

executed less than eighteen months prior to the day he filed his application for review the requirements of section 19(h) have been satisfied. The insuperable difficulty with this contention and the supporting argument is that the instrument captioned "Final Report and Settlement Receipt" is not, in any real sense, an agreement, within the contemplation of section 19(h). It is true, as urged by plaintiff in error, that decisions prior to the enactment of the amendments to section 8 of the Workmen's Compensation Act, in 1925, held that if an employee receives compensation for an injury, a petition for review under section 19(h) may be filed at any time within eighteen months after the date of the last payment. (*Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194; *Carson-Payson Co.* v. *Industrial Com.* 285 Ill. 635; *Arnold & Murdock Co.* v. *Industrial Board,* 277 Ill. 295; *Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366.) Likewise, the furnishing of medical care, prior to 1925, constituted a payment of compensation. (*Goodman Manufacturing Co.* v. *Industrial Com.* 316 Ill. 394; *Jackson* v. *Industrial Com.* 302 Ill. 281; *Central Locomotive and Car Works* v. *Industrial Com.* 290 Ill. 436.) These authorities cannot avail plaintiff in error for the adequate reason that section 8(a), as amended, now provides that the furnishing of medical, surgical and hospital services shall not be construed as an admission of liability or as the payment of compensation and section 8(i), added in 1925, ordains that any payments of compensation by the employer to an injured employee prior to the filing of the application for adjustment of claim shall not be construed against the employer as admitting liability to pay compensation. (*Lewin Metals Corp.* v. *Industrial Com.* 360 Ill. 371; *Lewis* v. *Industrial Com.* 357 Ill. 309.) The manifest object of the amendments to section 8 was to aid injured employees by encouraging their employers to furnish medical care promptly and to make compensation payments promptly

by assuring the employers that neither the care rendered nor the compensation paid 'would subsequently be deemed admissions of liability if the compensability of the injuries was questioned. It follows necessarily that the payments of compensation by defendant in error to plaintiff in error do not constitute an admission of liability to pay compensation. Nor does the furnishing of medical care constitute either an admission of liability or a payment of compensation.

Plaintiff in error concedes that by virtue of subsections (a) and (i) of section 8 the act or fact of payment does not constitute an agreement reviewable under section 19(h). His argument is that there was more than the successive payments of compensation based upon his earnings. In particular, he argues that the final report and settlement receipt filed by his employer with the Industrial Commission was not a mere naked recital of the act or fact of compensation, but was evidence of a settlement between his employer and himself. The tenuous distinction sought to be made between the payments of compensation and the final report and settlement receipt is one without a difference. Defendant in error had no choice in the matter of filing the form. Section 30 of the Workmen's Compensation Act imposes the duty upon employers to report between the fifteenth and twenty-fifth days of each month to the Industrial Commission all accidental injuries for which compensation has been paid under the act where the injuries entail a loss to the employee of more than one week's time. Considerable detailed information is required in all reports. The commission is authorized by section 17 to print and furnish free of charge such blank forms as it deems requisite to facilitate the administration of the statute. Section 16 states that the commission shall make and publish rules and orders for carrying out the duties imposed upon it by law. Pursuant to the authority granted by section 16, the Industrial Commission adopted rule 31 which provides "No document will be accepted for filing

with the Industrial Commission unless it is upon the form prescribed by the Industrial Commission where the said Commission furnishes the required form." The final report and settlement receipt is known as form 85 and the commission has prescribed that this form, only, can be used. While the Industrial Commission is vested with the power to make rules for carrying out its statutory duties it is without power to make rules creating substantive rights. It is restricted to making only such rules as will aid in carrying out the duties imposed upon the commission by the statute. (*Trigg* v. *Industrial Com.* 364 Ill. 581; *Liquid Carbonic Co.* v. *Industrial Com.* 352 Ill. 405; *Zurich Accident Insurance Co.* v. *Industrial Com.* 325 Ill. 452.) Accordingly, the words "Subject to review by the Industrial Commission," appearing in the final report and settlement receipt form, neither add to nor detract from its legal effect. They do not, and cannot, authorize the filing of a petition for review under section 19(h) in the absence of statutory authority for the creation of this substantive right. Similarly, the word "settlement" used in the printed form cannot convert the voluntary payments of compensation, not constituting an admission of liability on the part of an employer, into an agreement establishing liability to pay compensation. To give these quoted words the effect urged by plaintiff in error would amount to rendering the rule-making powers of the Industrial Commission superior to the legislative power of the General Assembly. The statement of the proposition carries its own condemnation. Since the "Final Report and Settlement Receipt" is an unilateral instrument signed only by the employee and is, in legal effect, merely a formal receipt, it is not open to review under section 19(h) of the Workmen's Compensation Act.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MURPHY, dissenting.