(No. 4169)

JOHN G. SANDERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1950.*

LAWRENCE B. MOORE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, John G. Sanders, seeks to recover from respondent under the Workmen's Compensation Act for injuries sustained in an accident that arose out of and in the course of his employment in the Department of Public Works and Buildings, Division of Highways.

On May 8, 1947, the clothing of claimant, who was using a kerosene torch, accidentally caught on fire and as a result he suffered severe burns to his right leg from his ankle to his hip. Respondent furnished all medical and hospital services to claimant at a cost to it of

$1,992.21. Two skin grafts were required, and the record discloses that the skin grafts were highly successful.

Claimant was paid $491.12 compensation at the rate of $18.00 per week from May 9, 1947, up to and including November 15, 1947, during the period he was totally and temporarily disabled. No other payments of compensation were made to claimant.

Shortly after November 15, 1947, claimant returned to work at a lighter, easier job that did not require him to be on his feet. Claimant worked almost continuously until he was discharged in March, 1949.

On February 23, 1949, claimant filed his claim in this Court. His complaint was dismissed on motion of respondent on the ground that under Section 24 of the Workmen's Compensation Act his failure to file his claim within one year after the last payment of compensation operated to divest this Court of jurisdiction.

Leave was granted claimant to file an amended complaint, which was done on April 5, 1949. The only addition to the complaint was an allegation to the effect that respondent had furnished medical services to claimant as late as November 16, 1948, and on claimant's theory this operated to extend the date within which he was required to file his complaint.

For reasons best known to him, counsel for respondent failed to plead to the amended complaint, and, under Rule 11 of the rules of this Court, a general denial was deemed to have been filed.

A hearing was held before Commissioner Wise on January 18, 1950. The evidence showed that claimant had been furnished medical services by respondent in April and November, 1948, which consisted primarily of a reexamination and check up by a St. Louis specialist.

Although respondent has failed to raise the question

of this Court's jurisdiction of this case, such question can and must be raised by the Court of its own motion. *Flynn* v. *State,* No. 4209, opinion filed December 7, 1949.

Under Section 24 of the Workmen's Compensation Act, a complaint must be filed within one year from the date of the last payment of compensation, otherwise this Court is without jurisdiction to hear the case. Such has been the uniform and undeviating holding of this Court. A recent decision of this Court, which we follow, so holds and collected therein are numerous previous decisions of this Court. *Hexdall* v. *State,* No. 4245, opinion filed April 18, 1950. Such case discusses and rejects contentions similar to those made by claimant herein.

But claimant's principal contention is that the furnishing of medical services is the payment of compensation. Such is not and has not been the case in this State since 1925. Section 8 (a) of the Workmen's Compensation Act specifically provides that the furnishing of medical services "shall not be construed as the payment of compensation." *Madsen* v. *Ind. Com.,* 383 Ill. 590; *Lewis* v. *Ind. Com.,* 357 Ill. 309.

Implicit in this record, however, is another contention of claimant to the effect that, since he returned to work at different, easier and lighter duties, the payments made to him were compensation payments and not payment of wages.

Although such payments were at a rate greater than claimant's rate of compensation, claimant has nowhere in the record evidenced a desire to reduce the award he seeks by such manifest overpayments.

But we hold that claimant was paid wages for what he did, not compensation. Neither the Supreme Court nor this Court, so far as we have been able to ascertain after an extensive search, has expressly passed on the

question. However, we are not unmindful of the fact that specialists in the Illinois Workmen's Compensation Act are generally of the opinion that, if any services are performed, payments are to be construed not as compensation but as wages. We are inclined to agree with this view, for we can well see that an unlimited field of additional disputes would be opened up under the Act. Certainty is a desideratum, the effect of which in the long run operates beneficially on both employers and employees.

In view of the foregoing, claimant is not entitled to an award because this Court has no jurisdiction to hear his case.

Esther Farrington, Paris, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Her charges of $26.40 are reasonable, and an award is entered in her favor for such amount.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

Award to claimant denied.